# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HUSSEIN S. HUSSEIN, an individual,

Plaintiff,

v.

NEVADA SYSTEM OF HIGHER EDUCATION, et al.,

Defendants.

CV-N-04-0455-JCM (RAM)-BASE
CV-N-05-0076-JCM (RAM)-MEMBER

## PROTECTIVE ORDER

Discovery in this action may require one or more parties to provide to each other information and documents that contain information that is private, confidential and sensitive. Included within these documents may be documents that are confidential and non-public, and which contain valuable proprietary and trade secret information and other confidential business, employment, educational and personal information. Disclosure of this information could result in harm to the party providing the information and documents or harm to third parties if the documents are not adequately protected. Although this information must be disclosed, the parties are entitled to the protections described below.

1. As used in Protective Order, the term "Confidential Information" means any testimony, documents, or other information designated "Confidential" at or about the time of its disclosure by any party, whether such designation be in writing or on the record such as at a deposition or hearing. With respect to documents already produced by the

1  parties in this case, such "Confidential" designation can also be made within a reasonable period of time after entry of this Order, and such designation should be made in writing.

2. As used in this Protective Order, the term "disclosure" includes the dissemination, communication, publication, or reproduction of any Confidential Information or the contents of the information contained therein, or the communication of any estimate or other information which facilitates the discovery of Confidential Information.

3. As used in this Protective Order, the term "Authorized Persons" means (i) the parties to this litigation, including the President of UNR; (ii) counsel of record for the parties to this litigation, including office associates, paralegals, and stenographic and clerical employees; (iii) experts or expert consultants retained for the purpose of this litigation and who have signed the Confidentiality Agreement, a form of which is attached hereto as Attachment "A"; (iv) any other person whom the parties to this litigation jointly designate in writing to be an Authorized Person; (v) any other person designed by the Court to be an Authorized Person hereunder, after motion, notice and hearing; and (vi) court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to this litigation.

4. If a party believes that it is being asked to provide Confidential Information, or documents containing Confidential Information, that party may designate the testimony, documents, or other information as "Confidential."

5. If a party believes that another party has disclosed documents which contain Confidential Information, it may notify the other party, in writing, within a reasonable period of time after discovery that such documents are contained in the record, that the documents are designated as "Confidential." The writing to opposing counsel must designate the document number(s) which contain Confidential Information and which shall be designated as "Confidential."

///

6. If a party believes that another party's designation of testimony, documents, or other information as "Confidential" is inappropriate, or that the protections set forth in this Protective Order are otherwise inappropriate with regard to particular testimony, documents or other information, that party must notify the party seeking confidentiality that it objects to the designation of the particular testimony, documents, or other information as "Confidential." Any such objection must be made in writing or on the record, such as at a deposition or hearing. Objections must be asserted in a timely manner.

7. If a party asserts an objection to a designation of "Confidential," the party seeking confidentiality must file a motion for a protective order within 15 days of being served with the written notice of objection; in the case of on-the-record oral notification, the motion must be filed within 15 days of the date that the objection was asserted. The motion must be briefed and submitted as with any other motion and filed only after personal consultation and a sincere attempt to resolve the matter. As with protective orders generally, the party seeking confidentiality has the burden of proving that it is entitled to the protection described in this Stipulated Protective Order, or that some other kind of protection is appropriate pursuant to FRCP 26(c). However, the Defendants shall be permitted to designate as "Confidential" any and all documents which fall within the categories of private, confidential, employment, educational and travel documents as described in their Motion for Protective Order, dated April 20, 2006, without objection from HUSSEIN, as the Court has already determined that these categories of documents are "Confidential," requiring the protection of this Order.

8. Unless the Court orders otherwise, testimony, documents, or information that is designated as "Confidential" is entitled to the protection afforded by this Protective Order as soon as that designation is made by the party seeking confidentiality. The protection remains applicable even if another party objects to that designation, unless and until the Court enters an order removing or modifying the protection afforded by this Protective Order. However, if an objection is asserted and the party seeking

3

confidentiality fails to file a motion for a protective order within the time period described in the paragraph 7, the testimony, documents, or information loses the protection afforded by this Protective Order.

9. Confidential Information shall be and remain confidential, and except as allowed by this Protective Order, may not be disclosed or communicated, nor used for any purpose other than this litigation, including any appeals.

10. Any and all documents containing Confidential Information must be retained by counsel and not be disclosed or made available to any person other than an Authorized Person who has read and acknowledged the terms of this Protective Order, including, but limited to, parties to other lawsuits in which any Defendant is a party, representatives of the press, news media or other media. Similarly, the Confidential Information contained within those documents may not be disclosed to any person other than an Authorized Person. Nothing in this Protective Order shall in any way affect the admissibility at trial of any of the documents produced under this Protective Order.

11. Any person who is in possession of Confidential Information, or to whom Confidential Information is disclosed, is responsible for ensuring that such Confidential Information is not inadvertently disclosed by him or her. Failure to take all reasonable precautions to ensure against such inadvertent disclosure will be viewed by the Court as willful disobedience of this Protective Order, and will be punished accordingly.

12. Counsel receiving Confidential Information may not disclose that Confidential Information to any expert or consulting expert without first furnishing to that expert a copy of this Protective Order and obtaining from that expert an executed Confidentiality Agreement, a form of which is attached hereto as Attachment "A." The original of any such executed Confidentiality Agreement must be retained in the office of counsel who retained the expert. Copies of any such executed Confidentiality Agreement must be served upon counsel for all other parties, for all testifying experts at the time of the expert's designation.

///

13. Any person who executes a copy of the Confidentiality Agreement attached hereto submits to the jurisdiction of this Court for purposes of enforcement of this Protective Order, either prior to or following trial of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Protective Order to apply to the Court for such direction or further decree as may be appropriate for the construction or enforcement of this Protective Order, or for such additional relief as may become appropriate.

14. Nothing in this Protective Order precludes the party who designates testimony, documents, or other information as "Confidential" from disclosing that confidential information to anyone, and any such disclosure will not be considered a waiver of confidentiality for purposes of this Protective Order.

15. Before being copied for production, documents containing confidential information must be marked "CONFIDENTIAL – DO NOT DUPLICATE"

16. In applications and motions to the Court, all submissions of designated material shall be lodged (not filed with the Clerk or electronically filed) with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

**THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A STIPULATED PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.**

The submission shall indicate clearly which portions are designated to be Confidential. A copy of this Order shall be submitted with the lodged materials. Lodged materials shall be returned by the Court to the submitting party immediately after the hearing or as early as otherwise practicable. The materials shall then be preserved by the submitting party for the duration of the action and any appellate review.

///

17. Nothing in this Protective Order precludes the deposition examination of any person regarding Confidential Information of which they have knowledge. All transcripts of said deposition containing Confidential Information will be treated in accordance with this Protective Order and when filed must be marked pursuant to the procedure set forth in Paragraph 15, supra, and may be used in accordance with the terms set forth in Paragraph 16, supra.

18. Other than the deponent being examined, only Authorized Persons may attend any portion of any deposition examination during which Confidential Information may be disclosed. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing Confidential Information is and shall remain confidential and shall not be disclosed except as provided in this Protective Order and that copies of any transcript, reporter's notes, or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed with the Court.

19. If, at the time of trial, counsel for any party attempts to introduce into evidence any confidential information contained in a document or portion thereof (including all or a portion of any deposition transcript), the Court will take whatever steps it deems reasonably necessary to preserve the confidentiality of that information.

20. Nothing in this Protective Order requires a party to disclose Confidential Information that the party also contends is protected from disclosure based upon a privilege or for some reason other than the mere confidential nature of the document or information.

21. In the event any person or party subject to this Protective Order having possession, custody or control of any documents produced pursuant to this Protective Order receives a subpoena or other process or order to produce such documents in a different proceeding or case, such person or party shall promptly notify in writing the attorneys of record in this case of the party claiming such confidential treatment of the

item, document or information sought by such subpoena or other process or order; shall furnish those attorneys of record in this case with a copy of said subpoena or other process or order; and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a timely motion to quash or modify such subpoena, process or order, unless otherwise ordered by a court of competent jurisdiction, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or order until the Court having jurisdiction of the controversy has ruled upon the motion, and then only in accordance with the ruling so made.

22. Upon the final determination of this action, except as otherwise provided in this Protective Order, Confidential Information must be returned to the party who originally designated the testimony, documents, or other information as "Confidential." This shall mean that where a party designates as "Confidential" the records or information produced by another party, such records produced by the other party must be provided, at the close of the case, to the party designating them as Confidential. This provision applies to physical or electronic copies of documents containing Confidential Information, and specifically includes transcripts containing Confidential Information. Counsel is responsible for retrieving documents containing Confidential Information from the parties who they represent; from their respective office associates, paralegals, and stenographic and clerical employees; and from any experts who have signed the attached Confidentiality Agreement. An attorney's notes, documents that qualify for protection from disclosure by a privilege, and documents that constitute work product as that doctrine is set forth at FRCP 26(b)(3), may be retained by counsel, but shall be placed in a sealed envelope or other container on the face of which shall be typed or printed:

///

///

**CONFIDENTIAL**

**The information contained herein is confidential and subject to a Protective Order issued by the United States District Court, District of Nevada. Anyone not permitted to review this information as set forth in that Protective Order is in violation of that order, and may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.**

22. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.

**AGREED AS TO FORM AND CONTENT**

Dated: _____  Dated: 6/13/06

    McDONALD CARANO WILSON LLP

JEFFREY DICKERSON  WILLIAM A. S. MAGRATH, II
9655 Gateway Dr., Suite B  LEIGH GODDARD
Reno, NV 89521  DEBBIE SHOSTECK

MARK MAUSERT  CHARLES HILSABECK
FRED ATCHESON  Assistant General Counsel
930 Evans Ave.  University of Nevada, Reno
Reno, NV 89512  Nevada System of Higher Education

JAMES ANDRE BOLES  Attorneys for Defendants
423 Mill St.
Reno, NV 89502

Attorneys for Plaintiff

///

///

///

///

///

2

**CONFIDENTIAL**

The information contained herein is confidential and subject to a Protective Order issued by the United States District Court, District of Nevada. Anyone not permitted to review this information as set forth in that Protective Order is in violation of that order, and may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.

22. Anyone found to be in violation of this Protective Order may have sanctions imposed against him or her as the Court may determine and allowable under law, and may also be subject to contempt of court proceedings.

**AGREED AS TO FORM AND CONTENT**

Dated: 6/13/06

JEFFREY DICKERSON
9655 Gateway Dr., Suite 8
Reno, NV 89521

MARK MAUSERT
FRED ATCHESON
930 Evans Ave.
Reno, NV 89512

JAMES ANDRE BOLES
423 Mill St.
Reno, NV 89502

Attorneys for Plaintiff

///
///
///
///
///

Dated: _____

McDONALD CARANO WILSON LLP

WILLIAM A. S. MAGRATH, II
LEIGH GODDARD
DEBBIE SHOSTECK

CHARLES HILSABECK
Assistant General Counsel
University of Nevada, Reno
Nevada System of Higher Education

Attorneys for Defendants

8

**ORDER**

IT IS SO ORDERED.

Dated: June 21, 2006

_____
UNITED STATES MAGISTRATE JUDGE

CONFIDENTIALITY AGREEMENT

1. I hereby acknowledge that I am about to receive Confidential Information supplied by _____.

2. I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I agree to be bound by the terms thereof.

3. I will not use any documents marked with the legend "CONFIDENTIAL – DO NOT COPY" or any information contained therein for any purpose other than the litigation in the United States District Court for the District of Nevada titled *Hussein S. Hussein v. Nevada System of Higher Education, et al.*, Case No. CV-N-04-0455-JCM (RAM). I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the Protective Order.

4. At the termination of this litigation, I will return all documents containing Confidential Information as required by the Protective Order.

5. I submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order, either prior to or following trial of this action.

DATED: _____    _____
                                 Signature

                                 _____
                                 Type or print name of individual

**ATTACHMENT "A"**