# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al.,<br><br>Defendants. | 3:04-CV-0455 JCM (RAM)<br>3:05-CV-0076 JCM (RAM)<br><br>Date:   N/A<br>Time:   N/A |

## ORDER

Presently before the court is plaintiff's motion to strike (Doc. #446). Defendants filed a response in opposition to plaintiff's motion to strike (Doc. #450), and plaintiff filed a reply to defendants' opposition (Doc. #457).

Defendants filed three motions for summary judgment (Docs. ##391, 392, 393) with numerous attached exhibits on July 9, 2007. In his motion to strike, presently before this court, plaintiff objects to the admission of many of the exhibits on grounds that defendants did not properly authenticate them.

Defendants argue that per *Orr v. Bank of America*, 285 F.3d 764, 777 n.20 (9th Cir. 2002), the documents contained in their exhibits were authenticated by plaintiff's production of the same documents during discovery. Defendants additionally assert that some documents are self-authenticating under Federal Rule of Evidence 902. Plaintiff disputes defendants' interpretation of

**James C. Mahan**
**U.S. District Judge**

1    *Orr*, 285 F.3d 764, arguing that the Ninth Circuit's decision does not stand for the proposition that
2    a party authenticates a document by having produced it. Instead, plaintiff contends that *Orr* applies
3    only where the document is offered to show state of mind (a non-hearsay use) (*See* Doc. #457 2:7-
4    13). Plaintiff argues he submitted "tens of thousands of pages thousands of pages of documents," and
5    mere production of these documents is not sufficient to authenticate them. (*See* Doc. #457 2:24-27).

6    Federal Rule of Evidence 901(a) states "authentication or identification as a condition
7    precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in
8    question is what its proponent claims." Federal Rule of Evidence 901(b) includes a non-exclusive
9    of list of means by which a document can be authenticated. A generally accepted method of
10   authenticating a document not included in the aforementioned list is authentication by production
11   during discovery. *See Orr*, 285 F.3d at 777 (citing *Maljack Prods., Inc., v. GoodTimes Home Video
12   Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996) (concluding documents produced in discovery were
13   deemed authentic when offered by the party-opponent))).

14   To authenticate a document through production during discovery, the Ninth Circuit requires:
15   1) the producer of the document be identified; ***and*** 2) the party producing the document admit its
16   production. *Orr*, 285 F.3d at 777; *see also Maljack,* 81 F.3d at 889 n.12 (affirming the district court's
17   admission of documents a plaintiff produced because: 1) the plaintiff produced the documents; 2)
18   the documents were written on the plaintiff's letterhead; and 3) the plaintiff did not contest the
19   documents' authenticity). In *Orr*, the Ninth Circuit determined the plaintiff's exhibit was
20   inadmissible as not properly authenticated because she did not identify who produced the memo in
21   question and neither the party who authored the memo, nor the entity upon whose letterhead the
22   memo was written admitted to producing it. *Id.*

23   Here, plaintiff does not explicitly admit to producing the documents; rather, he implies he
24   produced them in his "tens of thousands of pages of documents." (*See* Doc. #457 2:21.) Plaintiff also
25   calls the authenticity of documents he produced into question. To authenticate their exhibits,
26   defendants' attorneys should have submitted affidavits testifying that plaintiff produced the
27   documents contained therein during discovery. Absent plaintiff's denial of production, such an
28   

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  affidavit would suffice to authenticate the documents. Defendants failed to attach such affidavits.
2  Accordingly, the documents defendants claim were authenticated by production during discovery,
3  and which plaintiff neither admits production nor authenticity, are inadmissible.
4      Additionally, defendants' argument that many of their exhibits are self-authenticating under
5  Federal Rule of Evidence 902(11) fails because defendants did not attach written declarations to
6  authenticate the documents. Fed. R. Evid. 902(11) (records of regularly conducted activity are
7  admissible "if accompanied by a written declaration of its custodian or other qualified person
8  certifying the record--(A) was made at or near the time of the occurrence of the matters set forth .
9  . .; (B) was kept in the course of regularly conducted activity; and ©) was made by the regularly
10  conducted activity as a regular practice."
11      The following documents were properly authenticated and are admissible as evidence.

Doc #393:

1.    Exhibits ## 1-3 are summary tables prepared for the court's convenience and do not require authentication because they are not admitted as evidence.

Doc. # 392:

- Exhibits ## 1-4 are summary tables prepared for the court's convenience and do not require authentication because they are not admitted as evidence.

- Exhibit #16, 2002 Affirmative Action Investigation Documents are authenticated by witness Pat McAlinden's deposition (*See* Doc. #448, Ex. #81).

- Exhibit #29, plaintiff's memo to Patty Chambers dated August 4, 2003, is authenticated by an the affidavit of Linda Kuchenbecker (*See* Doc. #448, Ex. #82).

- Exhibit #32, transcript of plaintiff's grievance hearing with Miller's testimony is authenticated by reporter Pamela Longoni's certification.

- Exhibit #59, Hearing transcript, dated January 18, 2006, is authenticated by the court reporter's certification pursuant to Federal Rule of Evidence 902(8).

- Exhibit #60, plaintiff's e-mail to faculty senate dated October 20, 2005, is authenticated by plaintiff's deposition (*See* Doc. #448, Ex. #84).

- Exhibit #61, Reno Gazette newspaper article is a self-authenticating document pursuant to Federal Rule of Evidence 902(6).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Doc #393:

- Exhibit #45, University of Nevada Reno (UNR) accounting documents are authenticated by the affidavit of UNR fiscal officer Charlene Hart (*See* Doc. #449, Ex. #120).

- Exhibit #46, animal drug logs are authenticated by the affidavit of UNR administrative faculty member Laura Millsap (*See* Doc. #449, Ex. #120).

- Exhibit #48, animal protocol is authenticated by plaintiff's deposition (*See* Doc. #449, Ex. 121).

- Exhibit #51, report for Wolf Pack Meats dated January 17, 2003, is authenticated by the affidavit of plant manager for Wolf Pack Meats, Michael Holcomb (*See* Doc. #449, Ex. #122).

- Exhibit #56, letter from David Thain to David Thawley is authenticated by the affidavit of David Thain (*See* Doc. #449, Ex. 124).

- Exhibit #60, photos of pigs are authenticated by the deposition of Richard Simmonds (*See* Doc. #449, Ex. 125).

- Exhibit #67 Institution Animal Care and Use Committee (IACUC) procedures for operation are authenticated the affidavit of UNR administrative assistant for animal care services Pam Kentner (*See* Doc. #449, Ex. 127).

- Exhibit #86, memo from Richard Simmonds is authenticated by his deposition (*See* Doc. #392, Ex. 43).

- Exhibit #91 "Letters to the Editor" published in the Reno Gazette newspaper dated January 13, 2005, are self-authenticating pursuant to Federal Rule of Evidence 902(6).

- Exhibit #92 memo from department chairs to John Lilley are authenticated by the deposition of Esmail Zanjani (*See* Doc. #449, Ex. 131).

- Exhibit #94, transcript of hearing dated March 7, 2007, is authenticated pursuant to Federal Rule of Evidence 902(8).

- Exhibit #97 Reno Gazette newspaper article is self-authenticating pursuant to Federal Rule of Evidence 902(6).

- Exhibit #98 excerpts from the Guide for Care and Use fo Agricultural Animals and Agricultural Research and Testing is authenticated pursuant to Federal Rule of Evidence 902(5).

- Exhibit #116 Reno Gazette newspaper article is self-authenticating pursuant to Federal Rule of Evidence 902(6).

. . .

. . .

. . .

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to strike (#446) be, and the same hereby is, GRANTED in part, and DENIED in part, with only the aforementioned exhibits admissible as evidence to support defendants' motion for summary judgment.

DATED this 28th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE