UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | Case No. 3:04-cv-00455-JCM-GWF |
| | Case No.: 3:05-cv-00076-JCM-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al., | **Motion for Relief from Protective Order - #486** |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Order For Relief From Protective Order (Docket 31) (#486), filed on December 5, 2007 and Defendants' Opposition to Motion for Order For Relief From Protective Order (Docket 31) (#504), filed on December 24, 2007. Plaintiff did not file a reply to Defendants' Opposition (#504). Having reviewed the parties' briefs and exhibits, the Court rules as follows:

On February 8, 2005, the parties entered into a Stipulated Protective Order (#31) in this action wherein the Defendants agreed to produce certain information and documents pertaining to an investigation concerning allegations of sexual harassment in Plaintiff's laboratory and complaints or concerns of graduate students working in Plaintiff's laboratory. Pursuant to the Protective Order, the documents were Bates Stamped as U0527 through U0705 and were designated as "Confidential" and "Do Not Duplicate." The Protective Order further provided that the documents could only be filed in court under seal. On December 3, 2007, Defendants filed a Motion for Protective Order Prohibiting, Staying, or Limiting the Scope of Depositions (#19) in a related case: *Hussein v. Ersek*, et. al., Case No.

3:07-CV-00056-LRH-VPC. Defendants attached as exhibits to that motion documents U0527 through U0705 which were not filed under seal as required by the Stipulated Protective Order (#31) in this case. Plaintiff argues that Defendants waived the confidentiality of the documents by their violation of the Stipulated Protective Order (#31) and the documents should now be declared exempt from the Stipulated Protective Order (#31). In Defendants' Opposition (#504), Defendants' counsel acknowledges that the documents were inadvertently filed as open or unsealed exhibits to Defendants' Motion for Protective Order (#19) in *Hussein v. Ersek*. Defendants' counsel notes that he submitted the same documents under seal in support of that motion before he realized that they had mistakenly been filed in the open file. Upon realizing this mistake, Defendants filed a motion to withdraw and remove the documents from the open file in *Hussein v. Ersek*. Plaintiff did not object to that motion and on January 8, 2008, the Court entered an order granting Defendants' motion and removing the documents from the public record. *See Minutes of the Court (#28)*, Case No. 3:07-CV-00056-LRH-VPC.

As Defendants state, waiver involves the intentional relinquishment or abandonment of a known right. *U.S. v. Jacobo Castillo*, 496 F.3d 947, 952 n. 1 (9th Cir. 2007). Defendants' counsel has made a sufficient showing that the filing of the documents in the open court file was a mistake and that Defendants' counsel took prompt action to correct the error after discovering the mistake. Plaintiff has not offered any evidence to rebut Defendants' assertion of mistake. These facts are, therefore, inconsistent with a finding of waiver. Plaintiff has provided no evidence that he has been prejudiced by the period in which the records were in the public file such that the Stipulated Protective Order (#31) should effectively be declared void. Accordingly,

**IT IS HEREBY ORDERED** that on Plaintiff's Motion for Order For Relief From Protective Order (Docket 31) (#486) is **denied.**

DATED this 11th day of January, 2008.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge