**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al.,<br><br>Defendants. | 3:04-CV-0455 JCM (RAM)<br>3:05-CV-0076 JCM (RAM)<br><br>Date: **N/A**<br>Time: **N/A** |

**ORDER**

Presently before the court are plaintiff/counterdefendant's motion to dismiss the counterclaim for lack of jurisdiction (Doc. # 363) and motion for summary judgment on the counterclaim (Doc. # 364), filed on May 18, 2007. On September 6, 2007, defendant/counterclaimant filed oppositions (Doc. ## 440, 441). On October 22, 2007, plaintiff/counter-defendant filed a reply in support of his motion for summary judgment (Doc. # 463).

**BACKGROUND**

On October 2, 2006, defendants filed an answer to the complaint (Doc. # 185). That answer also included several counterclaims against plaintiff for breach of contract, breach of covenant of good faith and fair dealing, fraud/intentional misrepresentation, conversion, unjust enrichment, and violations of the Nevada Revised Statutes.

James C. Mahan
U.S. District Judge

On May 18, 2007, plaintiff/counterdefendant filed a motion to dismiss for lack of jurisdiction (Doc. # 363), arguing that the court should dismiss defendant/counterclaimant's claims for failure to comply with 28 United States Code Section 1367. On that same date, plaintiff/counterdefendant also moved for summary judgment on the counterclaim, arguing that there was no evidence to establish any of defendants/counterclaimants' claims against him. (*See* Doc. # 364, at 2:8–9).

## ANALYSIS

**I.   The court has jurisdiction to decide the counterclaim because plaintiff/counterdefendant did not appeal an "immediately appealable" order to the Ninth Circuit.**

Plaintiff/counterdefendant mistakenly believes that the court no longer has jurisdiction over the counterclaim because he has appealed the court's order denying his motion to dismiss the counterclaim. (*See* Doc. ## 340, 429, and 435). According to plaintiff/counterdefendant, the court's order denying his motion to dismiss was "immediately appealable." (*See* Doc. # 442).

In an October 26, 2007, order, the court held that plaintiff/counterdefendant's appeal did not divest the court of jurisdiction because, contrary to his belief, Docket # 429 did not constitute an "immediately appealable" order. (*See id.*, at 2:1–19 (*citing Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003))). Thus, the appeal of Docket # 429 did not divest the court of its jurisdiction to consider and decide plaintiff/counterdefendant's second motion to dismiss the counterclaim (Doc. # 363) as well as his motion for summary judgment on the counterclaim (Doc. # 364).

**II.   The court must deny plaintiff/counterdefendant's motion to dismiss for lack of jurisdiction (Doc. # 363) because the court has previously determined that the counterclaims at issue arise from a common nucleus of operative fact as the underlying federal claims.**

According to plaintiff/counterdefendant, the court should dismiss the counterclaims because they do not arise from a common nucleus of operative fact as his underlying federal claims. (Doc. # 363, at 3:3–7). In their opposition, defendants/counterclaimants argue that the counterclaims are "compulsory" and, thus, supported by "supplemental jurisdiction" under Title 18 United States Code

Section 1367.

A compulsory counterclaim, pursuant to Fed. R. Civ. P. 13(a), falls squarely within a federal court's supplemental jurisdiction because such claims arise from the same transaction and occurrence as the underlying cause of action. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974) (superseded on other grounds).

Here, plaintiff/counterdefendant has already argued that the counterclaims at issue are not supported by supplemental jurisdiction. (*See* Doc. # 187, at 3:7–10 ("[The counterclaim] does not arise out of the transaction or occurrence that is the subject matter of Plaintiff's claims")). The court twice rejected that argument, finding the counterclaims at issue to be compulsory under Fed. R. Civ. P. 13(a). (*See* Doc. ## 244, 411, at 2:16–20 ("NSHE's counterclaim arises out of the same facts involved in the case-in-chief and is a compulsory counterclaim")). Plaintiff/counterdefendant's current motion to dismiss (Doc. # 363) merely rehashes his earlier arguments and provides no reason for the court to depart from its previous conclusion.

Plaintiff/counterdefendant's motion to dismiss the counterclaim for lack of jurisdiction (Doc. # 363) is hereby DENIED.

**III.   The court must deny plaintiff/counterdefendant's motion for summary judgment on the counterclaim (Doc. # 364) because he has failed to carry his burden of production as moving party.**

Plaintiff/counterdefendant argues that the court should grant summary judgment in his favor because there is no evidence to establish any of defendants/counterclaimants' claims against him. (*See* Doc. # 364, at 2:8–9). Defendants/counterclaimants oppose the motion arguing that, among other things, plaintiff/counterdefendant has not carried his burden of production as the party moving for summary judgment. (*See* Doc. # 441, at 23:10–24:5).

In *Nissan Fire & Marine Insurance Company, Limited v. Fritz Companies, Incorporated*, the Ninth Circuit discussed a moving party's burden of production and persuasion in the summary judgment context. 210 F.3d 1099, 1102 (9th Cir. 2000). According to the Ninth Circuit, "[a] moving party without the ultimate burden of persuasion at trial—usually, but not always, a

1  defendant—has both the initial burden of production and the ultimate burden of persuasion on a
2  motion for summary judgment." *Id.*

3      The Ninth Circuit's decision in *Nissan* outlined two alternatives by which a moving party
4  must carry its burden of production for a motion for summary judgment. First, the moving party will
5  carry its burden of production by producing evidence "negating an essential element of the
6  nonmoving party's claim or defense." *Id.* Second, in the alternative, the moving party will carry its
7  burden of production by producing evidence demonstrating that "the nonmoving party does not have
8  enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Id.* "If
9  a moving party fails to carry its initial burden of production, the nonmoving party has no obligation
10 to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at
11 trial." *Id.* at 1102–03.

12     Here, plaintiff/counterdefendant is the moving party, having filed a motion for summary
13 judgment on the counterclaim (Doc. # 364). Thus, plaintiff/counterdefendant must carry the initial
14 burden of production and, if successful, the ultimate burden of persuasion in establishing that he is
15 entitled to prevail as a matter of law.

16     The court concludes plaintiff/counterdefendant has failed to carry his initial burden of
17 production. Plaintiff/counterdefendant's motion for summary judgment on the counterclaim (*id.*)
18 does not provide the court with *any* evidence in support of his motion. Plaintiff/counterdefendant
19 essentially asks the court to take his word that he can produce evidence—if requested and at a later
20 date—in support of his motion for summary judgment:

21         Counterdefendant quotes verbatim in the body of the motion [for summary judgment] for
        convenience. The undersigned [plaintiff] did the cutting and pasting from the ASCII
22         transcripts and did not alter any of it. Those transcripts can be provided if requested.

23
24 (*Id.*, at 4:26–27).

25     Finally, the court notes that plaintiff/counterdefendant's reply in support of his motion for
26 summary judgment also fails to provide the court with any evidence in support of his motion. (*See*
27 *generally* Doc. # 463). The reply's deficiency is likely based on plaintiff's belief that the court was
28 divested of jurisdiction when he appealed Docket # 429. (*See id.*, at 2:2–5). As mentioned above,

**James C. Mahan**
**U.S. District Judge**

- 4 -

1 on October 26, 2007, the court informed plaintiff/counterdefendant that his understanding as to the
2 court's jurisdiction was mistaken. (See Doc. # 469). Nonetheless, since that time, nearly five
3 months have passed and plaintiff/counterdefendant has not requested leave of court to supplement
4 his reply with more argument and/or evidence.

5 Plaintiff/counterdefendant's motion for summary judgment on the counterclaim (Doc. # 364)
6 is hereby DENIED.

## **CONCLUSION**

UPON CONSIDERATION of plaintiff/counterdefendants' motions, the memoranda of points and authorities, and the papers and pleadings on file in this matter,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff/counter-defendant's motion to dismiss the counterclaim for lack of jurisdiction (Doc. # 363) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff/counter-defendant's motion for summary judgment on the counterclaim (Doc. # 364) be, and the same hereby is, DENIED.

DATED this 18th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -