**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual, | 3:04-CV-0455 JCM (RAM) |
| | 3:05-CV-0076 JCM (RAM) |
| Plaintiff, | |
| v. | Date:        **N/A** |
| | Time:        **N/A** |
| UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al., | |
| Defendants. | |

**<u>ORDER</u>**

Presently before the court is plaintiff's emergency motion to vacate (Doc. # 564).

**BACKGROUND**

On March 28, 2008, the court held a hearing on defendants' motions to hold plaintiff in contempt (Doc. ## 479, 491).  (*See* Doc. # 555).  After concluding that plaintiff and his counsel violated the court's July 31, 2007, injunction (Doc. # 406), the court held plaintiff and his counsel in contempt.

At hearing, the court decided to hold plaintiff and his counsel responsible for the attorneys fees and costs incurred by defendants in enforcing the court's July 31, 2007, injunction.  The court directed defendants' counsel to submit affidavits for the court to determine the amount of attorneys fees and costs. *See* Doc. ## 555, 559.  Plaintiff did not object to this procedure.

James C. Mahan
U.S. District Judge

On April 2, 2008, defendants' counsel submitted an affidavit of attorney's fees and costs (Doc. # 558).  On April 4, 2008, after reviewing counsel's affidavit, the court ordered plaintiff and his counsel to pay defendants $25,516.50 by April 14, 2008.  Plaintiff never filed an opposition to the amount or reasonableness of the fees and costs.

On April 11, 2008, plaintiff filed an emergency motion to vacate (Doc. # 564).  Plaintiff argues the court must vacate its April 4, 2008, order because the affidavit of counsel filed on April 2, 2008, should have been docketed as a motion, which would have afforded plaintiff an opportunity to respond.  (*See* Doc. # 564, at 2:1–7).  Plaintiff contends that, because the court has not afforded him time to respond to the affidavit in support of fees and costs, the court's April 4, 2008, constitutes a taking under the Fifth Amendment of the United States Constitution.  (*See id.*, at 2:18–26).  Significantly, plaintiff again fails to address the amount or reasonableness of the fees and costs.

# ANALYSIS

The court concludes that plaintiff's motion to vacate (Doc. # 564) is wholly without merit.

**I.   THE COURT AFFORDED PLAINTIFF DUE PROCESS BEFORE IMPOSING A SANCTION BECAUSE ON MARCH 28, 2008, THE COURT HELD A HEARING ON DEFENDANTS' MOTIONS TO HOLD PLAINTIFF IN CONTEMPT.**

Plaintiff cites numerous cases for the proposition that the court must vacate its April 4, 2008, order because an individual is entitled to due process before a court may impose sanctions.  *See, e.g., Cole v. United States District Court for the District of Idaho*, 366 F.3d 813 (9th Cir. 2004).

A court proposing to impose sanctions need only notify the person charged with the alleged misconduct and the particular disciplinary authority under which the court plans to proceed.  *See In re Deville*, 361 F.3d 539, 548 (9th Cir. 2004).

Here, the court did afford plaintiff due process by holding a hearing on March 28, 2008.  (*See* Doc. # 555).  The briefs submitted by both parties prior to hearing put plaintiff on notice of his alleged misconduct and the court's authority to impose sanctions.  (*See generally* Doc. ## 479, 491).

**James C. Mahan**
**U.S. District Judge**

1

2

**II.    DUE PROCESS DOES NOT REQUIRE THAT PLAINTIFF HAVE THE OPPORTUNITY TO CHALLENGE DEFENDANTS' AFFIDAVIT OF ATTORNEY'S FEES AND COSTS.**

3    Plaintiff's motion to vacate also takes issue with defendants' affidavit for attorneys fees and

4    costs.  Plaintiff argues due process affords him a right to "respond" to that affidavit and challenge

5    the evidentiary showing contained therein.

6    Again, plaintiff's understanding of due process is misplaced.  In *Deville*, the Ninth Circuit

7    explained that "prior to sanctioning an attorney, the court must provide the party to be sanctioned

8    with notice of and some opportunity to respond to the *charges*." *Id.* (emphasis added).

9    Here, the court informed plaintiff of the charges and held a hearing, which granted him an

10   opportunity to respond to the allegations.  Due process does not impose any further requirement

11   mandating that the court hear plaintiff's objections on the issue of attorneys fees and costs.  *See*

12   *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (the

13   requirement of "an opportunity to be heard" before sanctions may issue "does not require [the court

14   hold] an oral or evidentiary hearing on the issue"); *Cox v. Preferred Technical Group, Inc.*, 110 F.

15   Supp.2d 786, 791 (N.D. Ind. 2001) (a court's inherent power to impose a sanction of attorney's fees

16   is limited in that the determination of fees and costs must be reasonable).

17

18

19

**III.   PLAINTIFF HAD AMPLE TIME TO FILE AN OBJECTION TO DEFENDANTS' AFFIDAVIT AND DID NOT DO SO UNTIL THE DAY BEFORE HE WAS TO PAY DEFENDANTS' ATTORNEY'S FEES AND COSTS.**

20   Even if plaintiff did have a due process right to respond to defendants' affidavit of fees and

21   costs, the record indicates that plaintiff had ample time to do so.  Only now in the eleventh hour of

22   his deadline to pay fees and costs to defendants does plaintiff raise this issue.

23   First, at the March 28, 2008, hearing, the court held plaintiff and his counsel in contempt and,

24   after ordering sanctions in the form of fees and costs, directed defense counsel to submit affidavits

25   for the court's review.  (*See* Doc. # 555).  At no point during the hearing did plaintiff's counsel

26   request a briefing schedule on this issue or indicate an intention to make such a request in the future.

27   Second, defense counsel filed their affidavit in support of fees and costs on April 2, 2008.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1   The certificate of service accompanying defense counsel's affidavit confirms that defendants notified

2   plaintiff of this filing via electronic transmission.  (*See* Doc. # 558, at 4).  Nevertheless, plaintiff

3   waited until April 11, 2008, to file his motion to vacate and request a briefing schedule on the issue

4   of fees and costs.

5          Lastly, the court also finds it troubling that plaintiff's eleventh hour motion to vacate fails

6   to contain any specific substantive objection to defense counsel's affidavit of fees and costs.  In

7   support of his motion to vacate, plaintiff merely provides the court with the conclusory argument

8   that "there are serious problems with the evidentiary showing [in support of the court's determination

9   of attorney's fees and costs]."  (Doc. # 564, at 2:5).

10

11                                    **CONCLUSION**

12         UPON CONSIDERATION of plaintiff's motion, the memorandum of points and authorities,

13  and the papers and pleadings on file in this matter,

14         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to vacate

15  (Doc. # 564) be, and the same hereby is, DENIED.

16         DATED this 14th day of April, 2008.

17

18

19                                    _____

20                                    **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -