CHARLES HILSABECK, NV Bar No. 4289
ASSISTANT GENERAL COUNSEL
UNIVERSITY OF NEVADA, RENO
NEVADA SYSTEM OF HIGHER EDUCATION
1664 N. Virginia St., MS 550
Reno, Nevada 89557-0550
(775) 784-3492
(775) 784-1127 Fax

WILLIAM A. S. MAGRATH, II, NV Bar No. 1490
LEIGH GODDARD, NV Bar No. 6315
DEBBIE LEONARD, NV Bar No. 8260
McDONALD CARANO WILSON LLP
100 W. Liberty St., 10th Floor
P.O. Box 2670
Reno, Nevada 89505
(775) 788-2000
(775) 788-2020 Fax

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual,<br><br>Plaintiff,<br>v.<br><br>NEVADA SYSTEM OF HIGHER EDUCATION, et al.,<br><br>Defendants.<br>_____/<br><br>AND RELATED CLAIMS.<br>_____/ | **3:04-cv-0455-JCM (GWF)-BASE**<br>3:05-cv-0076-JCM (GWF)-MEMBER<br><br>**DEFENDANTS' FIFTH MOTION FOR ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THIS COURT'S INJUNCTION AND ORDERS** |

Defendants NEVADA SYSTEM OF HIGHER EDUCATION ("NSHE") et al., by and through their counsel of record McDonald Carano Wilson LLP, move the Court for a Fifth Order to Show Cause as to why Plaintiff HUSSEIN S. HUSSEIN ("Hussein") should not be held in contempt of Court. Contrary to this Court's explicit orders prohibiting additional lawsuits against defense counsel, Hussein has now filed a Second Amended Complaint in the Hussein 8 lawsuit (3:06-cv-00482-LDG-RAM) that names University of Nevada, Reno Assistant General Counsel Charles Hilsabeck and University of Nevada,

Reno General Counsel Mary Dugan, as new defendants in that action. Additionally, in the Second Amended Complaint in Hussein 8, Hussein seeks to relitigate issues that he has litigated and lost in this consolidated action. In so doing, Hussein again has violated the Court's Permanent Injunction (Doc. #406) and the order from the bench prohibiting further lawsuits against defense counsel arising from the facts of Hussein's first eleven lawsuits. This motion is based upon the points and authorities that follow, the exhibits and affidavit attached hereto, the pleadings and papers in the Court's file, and such other matters as the Court may wish to consider.

Date:  May 24, 2010.

McDONALD CARANO WILSON LLP

/s/ Debbie Leonard
WILLIAM A.S. MAGRATH, II
LEIGH GODDARD
DEBBIE LEONARD

CHARLES HILSABECK
Assistant General Counsel
University of Nevada, Reno
Nevada System of Higher Education

Attorneys for Defendants/Counterclaimant

## POINTS AND AUTHORITIES

### I.     Introduction

In complete disregard for the Court's authority, Plaintiff HUSSEIN S. HUSSEIN ("Hussein") continues to flout the Permanent Injunction of this Court (Doc. #406) and the Court's orders from the bench prohibiting further lawsuits against defense counsel. Ignoring the Injunction and two (2) prior contempt orders (Doc. #563, #669), Hussein has once **again** named opposing counsel as defendants, this time attacking these lawyers in the Hussein 8 action, notwithstanding this Court's orders proscribing such vexatious litigation tactics.  In the same unauthorized pleading in Hussein 8, Hussein also **again** tries to litigate issues in other lawsuits that have already been determined in this Hussein 1 and 2 case.

Despite already being subject to the Court's two (2) prior contempt orders against him, Hussein has once again willfully ignored the Court's orders without even a minimal effort to comply.  To avoid being held in contempt of court, Hussein is obliged to obey the Injunction and orders of the Court unless and until they are vacated by the Court of Appeals.  As a result, if Hussein had any question as to whether his Second Amended Complaint in the Hussein 8 complied with the Court's orders, the onus was on him to ask.  His failure to do so was willful and warrants that Hussein be held in further contempt of court.

### II.    Factual Background

On July 31, 2007, this Court entered a Permanent Injunction against Hussein and his attorneys forever enjoining them from seeking to adjudicate the factual or legal issues being litigated in the eleven lawsuits that had then been filed by Hussein.  (Doc. #406).   The Injunction describes all eleven of Hussein's then-existing lawsuits and specifically provides:

> It is ordered and adjudged that Hussein and Hussein's agents, servants, employees, attorneys, and those persons in active concert or participation with them are permanently enjoined and forever restrained from litigating, relitigating, or attempting to relitigate, by commencing or filing, in any court, any contemporaneous or future action, complaint or

    cause of action seeking adjudication of the factual and legal issues being currently adjudicated in the lawsuits set forth herein.

(Id.). Additionally, the Court has twice issued orders from the bench barring Hussein from filing lawsuits against defense counsel. (7/6/07 Hrg. Trans at 12:22-13:3, Ex. 1 hereto; 3/28/08 Hrg. Trans. at 3:11-4:9, Ex. 2 hereto). The Court has already twice held Hussein and his former attorney, Jeffrey A. Dickerson, in contempt of Court for violating the Injunction and these orders. (Doc. #563, #669).

  As the Court is aware, the Hussein 8 case originally arose from subpoenas issued by counsel for Defendants in this case to certain private companies from whom Hussein had received contract research funding during his employment at UNR. (Doc. #669). The documents produced by the private companies in response to those subpoenas revealed that, since the moment Hussein commenced his employment at UNR in 1997, Hussein had been defrauding the University by concealing the true nature of research money he received. Hussein's fraudulent conduct—as revealed by the subpoenaed documents—was the basis of NSHE's Counterclaim against Hussein. The information revealed in the subpoenaed documents also led to the termination of Hussein's employment from UNR in April 2008.

  Although Hussein did not move to quash the subpoenas or seek a protective order, the Honorable Judge McQuaid determined that the subpoenas were "properly" issued when ruling that Hussein must answer deposition questions posed to him regarding the subpoenaed documents. (See Hussein Depo., Vol. 12, at 63:7-70:11, Ex. 3 hereto). Hussein's counsel never objected to Judge McQuaid's decision. (See id.). Additionally, throughout the course of this case, Hussein consented to the use of the subpoenaed documents to defend against Hussein's case in chief, prosecute NSHE's counterclaim and support a disciplinary investigation of Hussein's conduct. (Doc. #170, #184, #259, #273). The history of Hussein's litigation regarding the subpoenas is summarized in the Court's Second Contempt Order. (Doc. #669).

///

1   While Hussein was litigating the validity of the subpoenas in this Hussein 1 and 2 case, Hussein filed his eighth lawsuit, Hussein 8 (Case No. 3:06-cv-00482) as part of his pattern of harassing defendants and defense counsel and relitigating issues that he was already litigating in this case. (Doc. #1 in Case No. 3:06-cv-00482, Ex. 4 hereto).[1]  In Hussein 8, Hussein sued Defendants and their counsel, McDonald Carano Wilson LLP and individual attorney Leigh Goddard, solely based upon Hussein's contention that there was a purported procedural defect in the subpoenas. (Id.).  In other words, Hussein 8 was based *solely* on Hussein's mistaken belief that the subpoenas issued in Hussein 1 and 2 were improper, an allegation that Judge McQuaid had already determined was groundless.

When seeking to consolidate all of Hussein's federal lawsuits, Mr. Dickerson stood before this Court on July 6, 2007 and acknowledged that Hussein's claims against the non-lawyer defendants in Hussein 8 were derivative of the purported liability of their attorney who issued the subpoenas. Specifically, Mr. Dickerson stated:

> There's a pending motion in [Case No.] 482 [Hussein 8] to get the - - to extract the attorneys from that case.  It's already succeeded in [Hussein] 9.  So, maybe one thing to do is to wait and see what happens with that order from Judge George in 482.  And if the attorneys are extracted from that case as well, *that will kill that case, because the liability of all the - - all the NSHE defendants, if you will, . . . is derivative of [Leigh Goddard], because it is alleged that she was acting as an agent of the principal.  So, they have purely derivative liability*.

(7/6/07 Hrg. Trans. at 20:20-21:4 (emphasis added), Ex. 1 hereto).

On September 28, 2007, the court presiding over Hussein 8 dismissed Hussein's claims against McDonald Carano and Leigh Goddard with prejudice. (See Doc. #62 in 3:06-cv-00482, Ex. 5 hereto).  Notwithstanding Mr. Dickerson's admission that Hussein's claims against the remaining defendants were derivative of their attorney's purported liability—which liability Judge George in Hussein 8 had determined did not exist—Hussein never voluntarily dismissed the remaining defendants from Hussein 8.  Instead,

---

[1] Defendants request that the Court take judicial notice of this document and all other filings from other cases that are referred to herein. See Fed. R. Evid. 201.

5

he forced NSHE to incur additional expenses to bring a motion for judgment on the pleadings bringing Hussein's admission to the attention of the court.  (Doc. # 64 in 3:06-cv-00482, Ex. 6 hereto).[2]  On March 27, 2009, Judge George granted the motion for judgment on the pleadings on all of Hussein's claims except a claim under 42 U.S.C. § 1985(2) for purported witness intimidation.  (Doc. #105 in 3:06-cv-00482, Ex. 7 hereto).  As to the one remaining claim, Judge George granted Hussein leave to amend and indicated that the defendants in Hussein 8 could then challenge that claim by way of a future motion to dismiss or other dispositive motion.  (Id.).

In Hussein 8, while the defendants' motion for judgment on the pleadings was pending, on August 28, 2008, Hussein filed a document entitled "Motion for Order Granting Leave to Serve and File Supplemental Pleading."  (Doc. #79 in 3:06-cv-00482, Ex. 8 hereto).  In that proposed new pleading, Hussein **again** challenged the subpoenas issued in Hussein 1 and 2, even though the Court had already determined that those subpoenas were proper.  (See id. at 2:2-6).  Hussein also **again** named McDonald Carano Wilson LLP as a defendant, even though the law firm had already been dismissed from the case.  (See id. at 1:15).  Hussein also sought leave to name three attorneys as **new defendants** in that lawsuit.  All three of these attorneys serve as defense counsel in various Hussein lawsuits: William Magrath, Esq., a partner at McDonald Carano and counsel of record for this Hussein 1 and 2 case; Charles Hilsabeck, Assistant General Counsel for UNR (and defense counsel in, *inter alia*,

///
///
///
///
///

---

[2]  For the ease of the Court, Defendants do not attach hereto the voluminous exhibits to the motion for judgment on the pleadings filed on their behalf in Hussein 8, since those documents are readily available to the Court electronically.

1  Hussein 1 and 2 and Hussein 8); and Mary Dugan, General Counsel for the University of
2  Nevada, Reno. (See id. at 1:14-18).[3]

3  On October 30, 2008, the Court held Hussein and Dickerson in contempt of court
4  for this and other conduct in violation of the Court's Injunction and other orders. (Doc.
5  #669). As part of that contempt order, the Court ordered Hussein to withdraw all of the
6  documents that he had filed in contempt of the Court's orders. (Id.). Hussein complied.

7  On April 30, 2009, Hussein filed an Amended Complaint and Jury Demand in
8  Hussein 8. (Doc. #106 in 3:06-cv-00482, Ex. 9). In that pleading, although he did not
9  name counsel as defendants, Hussein alleged that General Counsel Mary Dugan had
10 conspired with defendants David Thawley and Esmail Zanjani to deter Hussein's former
11 graduate student from testifying in Hussein's lawsuits. (Id. at ¶3). The allegations in that
12 complaint derive from the University's efforts to deal with Hussein's report of alleged
13 sexual harassment in his lab, alleged animal abuse at the University's facilities and an
14 alleged break-in into Hussein's lab in which *e. coli* samples were purportedly disturbed.
15 (Id. at ¶¶3-19). These were the same factual allegations presented by Hussein in his
16 complaints in this consolidated case. (See Doc. #35, Doc. #22 in 3:05-cv-0076).
17 Additionally, Hussein made these exact allegations in the Hussein 9 case, which has
18 been dismissed. (Doc. # 1 in 3:06-cv-00585 at 63:4-19, 64:23-67:14, 79:9-81:26, 111:1-
19 7, Ex. 10 hereto).

20 On May 2, 2009, the Hussein 8 defendants filed a motion to strike and/or dismiss
21 Hussein's amended complaint (Doc. #107 in 3:06-cv-00482, Ex. 11 hereto). Hussein

---

[3] All three of these defense attorneys have previously been sued by Hussein. William Magrath, Charles Hilsabeck, and Mary Dugan, were all sued in Hussein 9 (Case No. 3:06-cv-00585-RLH-RAM) which was dismissed by U.S. District Judge Roger Hunt. (See Docs. #81 and #128 in Case No 3:06-cv-00585, attached hereto as Ex. 12 and Ex. 13). Judge Hunt then imposed $32,428.61 in sanctions against Mr. Dickerson (not Hussein) for the filing of Hussein 9, but Hussein and Mr. Dickerson have appealed that Order and Mr. Dickerson has not yet paid the sanctioned funds. (See Doc. #161_ in Case No. 3:06-cv-00585, attached hereto as Ex. 14). Mary Dugan has also separately been sued by Hussein in this Hussein 1 and 2 case, Hussein 3 (Case No. 3:05-cv-00381-PMP-RAM) (Ex. 15) and Hussein 13 (Second Jud. Dist. Ct. Case No. CV07-02759) (Ex. 16), all of which have now been dismissed.

7

filed an opposition, which he subsequently supplemented. (Doc. #109 in 3:06-cv-00482, Ex. 17 hereto). After briefing, Judge George granted the Hussein 8 defendants' motion with leave for Hussein to again amend his complaint. (Doc. #144 in 3:06-cv-00482, Ex. 18 hereto).

On April 28, 2010, this Court entered its Order and Judgment (Doc. #833 – the "Judgment") against Hussein and Dickerson in the amount of $1,142,403.25 for the attorneys' fees incurred by Defendants to defend against Hussein and Dickerson's vexatious litigation conduct. The Court also entered judgment against Hussein for $61,596.63 in costs. (Id.). Despite being the subject of this significant judgment in which the Court outlined an ongoing course of egregious conduct charted by Hussein throughout these proceedings, just two days later, Hussein filed a new pleading in the Hussein 8 case that once again perpetuated his bad-faith litigation tactics. Specifically, on April 30, 2010, Hussein filed a Second Amended Complaint and Jury Demand (Doc. #147 in 3:06-cv-00482, Ex. 19 hereto) that **again** named defense counsel Mary Dugan and Charles Hilsabeck as defendants and sought **again** to relitigate issues that he already lost in this and other cases. Hussein's Second Amended Complaint in Hussein 8 is the subject of this Fifth Motion for Order to Show Cause.

Since Mr. Hilsabeck was counsel of record in Hussein 8 at the time that Hussein named him as a defendant, NSHE had to enlist a different attorney, Frank Roberts, to make an appearance in the case and take over the defense of the NSHE defendants. Numerous times in the past, Hussein has employed this same tactic of interfering with the NSHE defendants' choice of counsel and driving up costs for NSHE as a new attorney is forced to assume responsibility for and learn the facts and history of the case. (See Doc. #406) The historical knowledge of the lawsuit possessed by existing defense counsel Charles Hilsabeck is compromised since, as a defendant, he can no longer fulfill his responsibilities as defense counsel. After Hussein filed the Second Amended Complaint in Hussein 8 in violation of the Court's Injunction and other orders, NSHE's

///

new defense counsel Frank Roberts wrote Hussein a letter requesting that Hussein withdraw the offending pleading. (Ex. 20 hereto). Specifically, defense counsel wrote:

> Your Second Amended Complaint violates the injunction and Judge Mahan's orders because you are attempting to relitigate factual and legal issues previously litigated in your other litigation by filing a complaint seeking adjudication of those factual and legal issues in this case, and by naming defense counsel as defendants. Your Second Amended Complaint also goes beyond the leave you were granted by the Court in this matter to file an amended complaint.
>
> **Defendants demand that you dismiss, by May 17, 2010, at 5:00 pm, all defense counsel from this matter and withdraw your Second Amended Complaint containing allegations and claims regarding factual and legal issues previously litigated in your other litigation.**
>
> If you do not take these actions to bring your conduct into compliance with the Injunction and Judge Mahan's other orders, we will be forced to bring your conduct to Judge Mahan's attention and will request that you be ordered to show cause why you should not again be held in contempt of court.

(Id. (emphasis added)).

Upon receipt of this request, Hussein did not withdraw his contumacious pleading or voluntarily dismiss the defense counsel whom he had newly sued. Rather, Hussein filed a document in the Hussein 8 case entitled "Emergency Motion For The District Judge's Assessment Of The Defense Team's Recent Intimidation Of And Threats To Plaintiff In Retaliation For His Lawful Compliance (Docket 147) With This Court's Order (Docket 144), For An Order Determining The Proper Course Of Action, Including Possible Amendment Of The Second Amended Complaint (Docket 147) And Imposition Of The Appropriate Sanctions, For A Protective Order, And For An Order Staying Briefing On Docket 148." (Doc. #150 in 3:06-cv-00482, Ex. 21 hereto).

In that motion, Hussein erroneously contends that this Court has "no jurisdiction over matters litigated in [the Hussein 8] case." (Id. at 8:4-5). According to Hussein's misguided argument, it is the exclusive province of Judge George to interpret the Injunction and other orders of this Court. (Id. at 8:7-9). Hussein argues that Defendants' efforts to enforce the Injunction and other orders issued by this Court have purportedly circumvented Judge George's authority in the Hussein 8 case. (Id. at 9:9-11:6).

Hussein also seeks sanctions and leave from Judge George to again amend his complaint to **add** the defendants' new defense counsel, Frank Roberts, as a defendant and purported co-conspirator in Hussein 8.[4]  (Id. at 11:7-14:3).  Because Hussein's conduct in Hussein 8 amounts to further willful violations of the Court's Injunction and orders, Defendants ask that the Court issue an order that requires Hussein to show cause why he should not be held in further contempt.

III.   **Legal Argument**

    A.   <u>Hussein's New Lawsuit Against Defense Counsel Violates the Court's Earlier Orders Prohibiting Such Conduct</u>

By naming defense attorneys Hilsabeck and Dugan as new defendants in Hussein 8, Hussein has engaged in the precise conduct that warranted the Court's imposition of the Injunction in the first instance.  The Court has been unequivocal that Hussein's suits against defense attorneys are unacceptable litigation conduct:

> MR. MAGRATH:  . . . [W]e pointed out that the McDonald Carano firm potentially faced a conflict of interest because we are still a defendant in Hussein VIII; meaning McDonald Carano Wilson and Leigh Goddard, individually, we've been dismissed from Hussein IX, [consolidation of Hussein's federal lawsuits] would force us to consider withdrawing as counsel.  And we felt that Hussein, Dr. Hussein's attempts to file these additional claims was an intent – and then the suggestion that the cases were related – was a maneuver to remove us from the case, after the University has spent a substantial amount of money.  And I know you were going to address that.
>
> THE COURT:  Do you really think that?
>
> MR. MAGRATH:  I think that, your Honor.
>
> THE COURT:  Yes.  And I say that, and I have to smile, because, yeah, it's quite apparent, isn't it?  It's a litigation tactic and it's not one that I favor at all.

---

[4]   Hussein's new request for leave to sue Mr. Roberts, for Mr. Roberts' conduct defending the named defendants against the Second Amended Complaint in Hussein 8, if granted, would force the Hussein 8 defendants to repeat the process of locating and engaging a new counsel again.  When will this end?  Will the new counsel be the target of Hussein's next lawsuit?  Unless Hussein's conduct is stopped, his perpetual attacks on counsel will not end and NSHE will continue to suffer financial and other consequences from this planned tactic.

10

1    MR. MAGRATH: Well, we find it particularly frustrating when we get to . . .

2    THE COURT: I find it particularly distasteful.

3

4  (7/6/07 Hrg. Trans. at 8:15-9:9, Ex. 1 hereto).

5    The Court further warned Hussein against engaging in such conduct in the future:

6    THE COURT: I don't want to see another case against a witness or an opposing lawyer filed by Dr. Hussein arising out of these facts.
    Do you understand me?

7

8    MR. DICKERSON: Very clearly, your honor.

9    THE COURT: Okay. And you can tell him that for me.

10  (Id. at 12:22-13:3).

11    Then, at the March 28, 2008 show-cause hearing regarding Hussein's earlier

12  contumacious conduct, the Court re-read this precise portion of the transcript from the

13  July 6, 2007 hearing, clearly indicating to Hussein that suing defense attorneys was

14  unacceptable conduct:

15    What are you doing? How can you justify any of this? Do you remember the hearing we had? Oh, I've got there are two injunctions. There's one in my mind now. Where's your mind? You must have left it at home. This is a disgrace, this multipli[ies] litigation. Let's waste resources all we can. Let's just throw our client's money away and make the defendants incur more expense. And it all comes back to you. It all comes back to you. There's absolutely no excuse for any of this. What's the reason for filing Hussein 12 and 13? There is no reason. It violates the injunction clearly. I review this and I'm just sick. How Not to Practice Law is the nu[tshell] textbook, Mr. Dickerson. I mean I look at this transcript [from the July 6, 2007 hearing] at the bottom of page 12, this is the Court speaking. I don't want to see another case against a witness or an opposing lawyer filed by Dr. Hussein arising out of these facts, do you understand me? Mr. Dickerson, very clearly, your Honor. Not very clearly.

23  (3/28/08 Hrg. Trans. at 3:11-4:9, Ex. 2 hereto).

24    Notwithstanding this history of warnings and orders from the bench, Hussein

25  continues to engage in the same vexatious litigation tactics. Hussein has now sued

26  defense counsel Hilsabeck and Dugan for simply doing their jobs and threatens to go

27  after defense counsel Frank Roberts as well. Hussein also goes so far as to allege that

28  Joan Howard, the secretary in NSHE's General Counsel office, is likewise involved in the

1  purported conspiracy.  In so doing, Hussein continues to create a morass of conflicts and
2  thereby interfere with NSHE's choice of counsel.  Hussein's new pleading in Hussein 8 is
3  precisely the conduct for which Hussein has already twice been held in contempt of
4  court.

5  Moreover, Hussein's emergency motion in Hussein 8 exposes that he refuses to
6  acknowledge the legitimacy of the Court's orders.  Based upon his ongoing vexatious
7  behavior and the statements contained in his emergency motion filed in Hussein 8,
8  Hussein considers himself beyond the reach of the Court's inherent powers.  The federal
9  judiciary cannot function properly, however, if litigants who avail themselves of the
10 Court's authority ignore the Court's rulings.  Since Hussein refuses to heed the verbal
11 orders from the bench regarding lawsuits against defense counsel and the written order
12 of the Court enjoining his vexatious litigation conduct, he must be held in further
13 contempt and sanctioned accordingly.

   B.   **In Direct Contravention of the Injunction, Hussein Relitigates Issues Already Resolved in This Case and Others**

16 Because the Court in this case and Judge Hunt in Hussein 9 have already
17 determined that the actions of Zanjani, Thawley, Lilley, Garcia and other UNRPD police
18 officers in response to Hussein's reports of an unauthorized lab intrusion were proper,
19 Hussein's Second Amended Complaint in Hussein 8 violates the Injunction.  The Court's
20 Injunction barred Hussein and his attorneys from "litigating, relitigating or attempting to
21 relitigate" "the factual and legal issues" being considered in his then-existing lawsuits.
22 (See Doc. #406).

23 In Hussein's Second Amended Complaint in Hussein 8, Hussein contends that
24 the University's response to Hussein's report of unauthorized intrusions into his lab
25 amounted to witness intimidation of Hussein's then-graduate student Laurie Bollinger.
26 (Doc. #147 in 3:06-cv-00482 at ¶¶ 42-56, Ex. 19 hereto).  These allegations were
27 addressed in detail in this case in one of Defendants' motions for summary judgment
28 (Doc. #391 at 9:24-17:4), reply (Doc. #496 at 32:4-33:26) and Defendants' reply to

Hussein's supplemental authorities (Doc. #589 at 13:9-20, 19:28-20:4, 22:19-23:9), which the Court granted. (Doc. #605). In granting Defendants' summary judgment motions, the Court held that the allegations now made by Hussein in his Second Amended Complaint in Hussein 8 were not actionable. (Doc. #605 at 6:12-23. Since the Court has determined that the actions by University administrators and law enforcement personnel to address Hussein's reports of purported disturbances to biological hazards in his lab were justified, they cannot now—as Hussein contends in his Second Amended Complaint—amount to witness intimidation.

Additionally, Hussein had already made the same claims of witness intimidation in his wide-reaching complaint in the Hussein 9 case. (Doc. #1 in 3:06-cv-00585 at 63:4-19, 64:23-67:14, 79:9-81:26, 111:1-7, Ex. 10 hereto). Judge Hunt dismissed those claims. (Docs. #81 and #128 in 3:06-cv-00585, Exs. 12 and 13 hereto). Under the Injunction and basic preclusion principles, therefore, Hussein cannot relitigate those issues now. (Doc. #406).

C.  Hussein's Ongoing Disdain for the Injunction and the Court's Orders Warrants Another Contempt Order

The mere existence of the Injunction against Hussein demanded that he, at a minimum, seek direction from this Court as to whether he could amend the pleadings in Hussein 8 to add two defense attorneys as **new** defendants in that action and relitigate already-decided issues. The onus is on the person subject to the injunction to take reasonable steps to ensure his compliance. Nat'l Adver. Co. v. City of Orange, 861 F.2d 246, 250 (9th Cir. 1988). "When a legitimate question exists as to the scope or effectiveness of a court's order, those who know of the decree, yet act unilaterally, assume the risk of mistaken judgments." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 75-76 (1st Cir. 2002); see McComb v. Jacksonville Paper Co., 336 U.S. 187, 192 (1949).

Here, Hussein knows that he is the subject of an Injunction and orders from the bench that circumscribed his allowable litigation activities. Having already been the

subject of two contempt orders and sanctions, Hussein also knows the he should have consulted with this Court before filing a new complaint that seeks to expand or renew the allegations in Hussein's existing lawsuits. When he sought to add defense counsel Dugan and Hilsabeck (and Magrath) as defendants previously in Hussein 8, this Court held him in contempt and ordered him to withdraw that pleading. Notwithstanding this knowledge, Hussein has flouted the Court's orders by filing a new pleading that names defense counsel Dugan and Hilsabeck as new defendants and seeks to relitigate issues already disposed of in this and other cases. Hussein has not acted consistent with the existence of the Injunction and appears undeterred by the over $1.1 million fee award that the Court has already imposed against him. (See Doc. #563, #669, #833). Because it is Hussein's obligation to comply with the Court's orders and he has failed to fulfill this obligation, his conduct amounts to willful contempt. See Nat'l Adver., 861 F.2d at 250.

### D. The Court Should Order Hussein to Cease the Continuing Contumacious Conduct, Award Attorney's Fees to Defendants and Issue Such Other Sanctions As Might Be Necessary to Stop Hussein's Ongoing Abuses

Because Hussein has again ignored the restrictions of the Injunction and orders of the Court, an award of attorney's fees in favor of Defendants is warranted. A District Court has discretion to award attorney fees for civil contempt. Harcourt Brace Jovanovich Legal & Prof. Pub., Inc. v. Multistate Legal Studies, Inc., 26 F.3d 948, 953 (9th Cir. 1994). "[W]hile willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them." Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996); see Perry v. O'Donnell, 759 F.2d 702, 704-06 (9th Cir. 1985).

Defendants have, again, been put in the position to enforce the Court's Injunction because of Hussein's willful violations. NSHE has accrued fees and costs to bring this Fifth Motion for Order to Show Cause. Additionally, NSHE's resources continue to be taxed by the need to assign new counsel to the Hussein 8 case and defend against Hussein's unauthorized pleading. Defendants respectfully request that this Court order

Hussein to pay for the fees and costs incurred as a result of his contumacious conduct. See United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829 (1994).

Defendants also ask the Court for the following relief:

1. An order compelling Hussein to dismiss all claims against Dugan and Hilsabeck and to withdraw the Second Amended Complaint in Hussein 8 within five (5) days.

2. An order prohibiting Hussein from seeking authority to file a Third Amended Complaint or any other pleading which adds Frank Roberts or Joan Howard or any other defense counsel as a defendant.

3. An order that bars any further filings by Hussein in Hussein 8 until he pays the contempt sanctions. Without such an order, Hussein will continue to file unauthorized pleadings and motions without any dissuasive impact that monetary sanctions could offer.

4. An order directing Hussein to seek leave of this Court to file any future pleadings in any court.

5. An order preventing Hussein from accessing the courts altogether.

As the Court can see for itself, monetary sanctions appear to have no effect on Hussein. Hussein filed the Second Amended Complaint in violation of the Court's orders just two days after the Court entered the Judgment against him for over $1.1 million. Despite the Court's two contempt orders and this substantial judgment, Hussein has yet to compensate NSHE for a single penny of the fees that his bad-faith conduct has caused the State of Nevada to incur. Instead of reimbursing the State of Nevada as ordered by this Court, Hussein appears to have intentionally set a course to increase the costs to the State of Nevada, compounding and benefitting from his contumacious conduct. As a result, Defendants respectfully ask that the Court require Hussein to immediately pay any monetary contempt sanction rather than allowing him to post a bond or deposit the funds with the Court pending an appeal.

///

Additionally, because Hussein is now representing himself and is not a licensed attorney, Defendants do not believe that the Court can recommend disciplinary action by the State Bar of Nevada.  The Court does have authority, however, to further limit or prevent altogether Hussein's access to the courts.  Where monetary sanctions seem to have no deterrent effect upon Hussein, Defendants are at a loss as to how the Court might put an end to Hussein's unending contumacious conduct.  Defendants respectfully ask for the Court to exercise such authority as the Court deems necessary to rein in Hussein's ongoing disregard for the Court's orders.

## IV.   Conclusion

The Court's Injunction and order barring lawsuits against defense counsel are the only mechanisms in place to control Hussein's vexatious litigation practices, yet he continues to show disdain for the Court's authority.  There was nothing unclear about this Court's unequivocal orders from the bench and contempt orders prohibiting Hussein from suing defense counsel and relitigating issues that he has now lost.  Nevertheless, Hussein has again acted in contempt of court.  Defendants, therefore, ask the Court to hold Hussein in further contempt, require him to immediately withdraw his contumacious pleading in the Hussein 8 action, pay Defendants' fees and costs associated with enforcement of the Injunction and provide such other relief as the Court deems necessary and proper.

Date:  May 24, 2010.

McDONALD CARANO WILSON LLP


/s/ Debbie Leonard
WILLIAM A.S. MAGRATH, II
LEIGH GODDARD
DEBBIE LEONARD

CHARLES HILSABECK
Assistant General Counsel
University of Nevada, Reno
Nevada System of Higher Education
Attorneys for Defendants/Counterclaimant

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of McDONALD CARANO WILSON LLP and that on May 24, 2010, I caused to be delivered via electronic transmission, a file-stamped copy of the **DEFENDANTS' FIFTH MOTION FOR ORDER TO SHOW CAUSE** addressed to the individuals listed below at their last known email addresses as follows:

    Hussein S. Hussein
    1734 Shadow Park Drive
    Reno, Nevada 89523
    husseinshussein@att.net

    Jeffrey Dickerson
    9655 Gateway Dr., Suite B
    Reno, NV 89521
    jeff@gbis.com

    James Andre Boles
    423 Mill St.
    Reno, NV 89502
    jboles@callatg.com

    David R. Houston
    432 Court Street
    Reno, NV 89509
    dhouston@houstonatlaw.com

Furthermore, on May 24, 2010, I caused to be delivered a courtesy copy of the foregoing document via Federal Express to the following at the address indicated below:

    Honorable James C. Mahan
    333 Las Vegas Blvd. So., Room 6085
    Las Vegas, NV 89101
    (702) 464-5520

    /s/ Pamela Miller
    Pamela Miller

**LIST OF EXHIBITS**

| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| 1. | 7/6/07 Hearing Transcript | 8 |
| 2. | 3/28/08 Hearing Transcript | 4 |
| 3. | Hussein Deposition, Volume 12 | 10 |
| 4. | Complaint and Jury Demand, Doc. #1, Case No. 3:06-cv-00482 | 12 |
| 5. | Order, Doc. #62, Case No. 3:06-cv-00482 | 2 |
| 6. | Motion for Judgment on the Pleadings on the Issues of Derivative Liability and Issue Preclusion, Doc. #64, Case No. 3:06-cv-00482 | 18 |
| 7. | Order, Doc. #105, Case No. 3:06-cv-00482 | 3 |
| 8. | Motion for Order Granting Leave to Serve and File Supplemental Pleading, Doc. #79, Case No. 3:06-cv-00482 | 8 |
| 9. | Amended Complaint and Jury Demand, Doc. #106, Case No. 3:06-cv-00482 | 8 |
| 10. | Complaint and Jury Demand, Doc. #1, Case No. 3:06-cv-00585 | 124 |
| 11. | Motion to Strike and/or Dismiss Plaintiff's Amended Complaint and Jury Demand, Doc. #107, Case No. 3:06-cv-00482 | 6 |
| 12. | Order, Doc. #81, Case No. 3:06-cv-00585 | 13 |
| 13. | Order, Doc. #128, Case No. 3:06-cv-00585 | 7 |
| 14. | Order, Doc. #161, Case No. 3:06-cv-00585 | 6 |
| 15. | Amended Complaint and Jury Demand, Case No. 3:05-cv-00381 | 18 |
| 16. | Verified Complaint, Case No. CV07-02759 | 9 |

| 17. | Supplement to Opposition to Motion to Strike and/or Dismiss Plaintiff's Amended Complaint and Jury Demand,, Doc. #109, Case No. 3:06-cv-00482 | 2 |
|---|---|---|
| 18. | Order, Doc. #144, Case No. 3:06-cv-00482 | 2 |
| 19. | Second Amended Complaint and Jury Demand, Doc. #147, Case No. 3:06-cv-00482 | 21 |
| 20. | May 13, 2010 letter from Frank Roberts to Hussein Hussein | 2 |
| 21. | Emergency Motion for the District Judge's Assessment of the Defense Team's Recent Intimidation of and Threats to Plaintiff in Retaliation for his Lawful Compliance with this Court's Order, for an Order Determining the Proper Course of Action, Including Possible Amendment of the Second Amended Complaint and Imposition of the Appropriate Sanctions, for a Protective Order, and for an Order Staying Briefing on Docket 148, Doc. #150, Case No. 3:06-cv-00482 | 15 |
| 22. | Affidavit of Frank Roberts | 4 |