# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al.,<br><br>Defendants. | 3:04-CV-0455 JCM (RAM)<br>3:05-CV-0076 JCM (RAM)<br><br>Date:   N/A<br>Time:   N/A<br><br>**ORDER** |

Presently before the court are plaintiff Hussein S. Hussein and interested party Jeffrey A. Dickerson's motions concerning the court's order granting defendants' motion for attorneys' fees (Doc. #833). This order addresses the following motions: interested party Jeffrey A. Dickerson's motion for district judge to reconsider (Doc. #828),[1] motions to amend/correct judgment (Doc. #834 and Doc. #848), motion to stay judgment (Doc. #838), and plaintiff Hussein S. Hussein's motions for district judge to reconsider (Doc. #846 and Doc. #847).

Mr. Hussein and Mr. Dickerson argue that the defendants' motion for attorneys' fees is filed late. Upon reviewing the procedural history in this case, the court finds the defendants timely filed

---

[1] Mr. Dickerson filed an emergency motion for the district judge to reconsider its order (Doc. #828) before the court had even filed its order. Considering the court had not yet filed its order, there was no order to reconsider at the time this motion was filed. This motion is untimely, and therefore denied.

**James C. Mahan**
**U.S. District Judge**

their motion for attorneys' fees on December 4, 2009.[2] After allowing time for the motion to be fully briefed and holding a hearing on the matter, the court granted defendants' motion for attorneys fees on April 28, 2010.[3] As a result of the court's order (hereinafter "attorneys' fee order"), holding Mr. Hussein and Mr. Dickerson, jointly and severally, liable for $1,142,403.25 and also finding Mr. Hussein liable for an additional amount of $61,596.63, Mr. Dickerson and Mr. Hussein filed multiple motions requesting the court to reconsider, amend, or correct the attorneys' fee order.

### A.   Federal Rule of Civil Procedure 59(e)

Both Mr. Dickerson and Mr. Hussein filed motions pursuant to Federal Rule of Civil Procedure (hereinafter "Rule") 59(e). A court will alter or amend a judgment under Rule 59(e), if the moving party (1) presents the court with newly discovered evidence, (2) demonstrates that the court committed clear error or that the initial decision was manifestly unjust, or (3) shows that there is an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001). Neither Mr. Dickerson nor Mr. Hussein satisfied the Rule 59(e) standard.

The moving parties have not presented the court with new evidence. Although Mr. Hussein argued that the docket has over hundreds of filings that require reviewing, this is not new evidence.

Additionally, the court did not err in awarding defendants attorneys' fees nor was it unjust to award the fees. Mr. Dickerson and Mr. Hussein argue that the court did not have jurisdiction to award attorneys' fees in this case. They mistakenly believe that the court included time related to the third motion for order to show cause, which involved issues that were currently on appeal, as part of the attorneys' fee award. This argument demonstrates the moving parties' continuing inability

---

[2] The court granted defendants' motion for summary judgment as to plaintiff's claims on June 27, 2008 (Doc. # 605). Because defendants' counterclaims remained, that order was not a final order. On November 3, 3009, the court granted defendants' motion to dismiss their counterclaims against plaintiff (Doc. #768), at which point the court's summary judgment order became a final order. Thereafter, defendants filed a motion for an extension of time to file a motion for attorneys fees (Doc. #778), which the court granted on November 20, 2009.

[3] The attorneys' fee order is entitled "Second Amended Judgment" in order to correspond to the proposed order that the court signed. In order to prevent confusion, the court is clarifying that this is the court's first and only order (Doc. #833) granting defendants motion for attorneys fees (Doc. #792).

1  to read and comprehend the court's orders. Here, the attorneys' fee order specifically states that
2  "[t]he fees awarded herein do not include fees incurred by defendants as a result of Dr. Hussein and
3  Mr. Dickerson's contumacious conduct." Furthermore, the defendants further demonstrated that they
4  deducted $70,200.00 of their fees related to the third motion for order to show cause. As explained
5  in the attorneys' fee order, the judgment relates only to the professional fees accumulated in
6  defending Mr. Hussein's frivolous claims.

7  Mr. Hussein also suggests that the court made an error of law because the judgment was
8  "against the law of the case." Specifically, Mr. Hussein argues that the court cannot require him to
9  pay fees related to his vexatious prosecution of Anele Ngwenya, because the court previously denied
10 a motion for sanctions regarding his withdrawal of his motion to voluntarily dismiss Anele
11 Ngwenya.[4] Although the court denied this motion at that time, this does not prevent the court from
12 later determining Mr. Hussein should be liable for defendants' fees under 42 U.S.C. § 1988,
13 especially because Mr. Hussein continued to prosecute Ms. Ngwenya even after it became clear that
14 he could not make a prima facie case  As such, Mr. Hussein's argument is without merit.

15 Mr. Hussein also argues that the court's order was manifestly unjust because he did not
16 receive due process. However, Mr. Hussein had ample opportunity to respond and be heard on this
17 motion. Mr. Hussein filed an emergency motion to strike defendants' motion for attorney's fees
18 (Doc. #797).[5] This motion was not a motion for an extension of time to respond to defendant's
19 motion for attorney's fees. Under Special Order 109, "motions may only ask for one type of

---

[4] Mr. Hussein withdrew his motion to voluntarily dismiss defendant Anele Ngwenya, even after he had conceded he did not have evidence to support his claims against her. This conduct forced defendants to incur the fees necessary to bring a motion for summary judgment on Ms. Ngwenya's behalf.

[5] In his motion to strike, Mr. Hussein also requested defendants file complete billing records. The defendants submitted billing records for an in camera inspection and the court addressed Mr. Hussein's request to review defendants' complete billing records when reviewing defendants' motion for leave to file documents under seal (Doc. #800). The complete billing records were filed on March 24, 2010 and the hearing was held on April 8, 2010.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  unrelated relief[.]"⁶ Here, the court addressed Mr. Hussein's motion to strike. In accordance with
2  Special Order 109, the court required Mr. Hussein to file a separate motion requesting an extension
3  of time to file a response to defendants' motion for attorneys fees. Moreover, the court gave Mr.
4  Hussein the opportunity to be heard at the hearing on April 8, 2010. Accordingly, Mr. Hussein's due
5  process rights have not been violated.

6  Finally, the moving parties have not shown that there is an intervening change in controlling
7  law. The court found Mr. Hussein liable for attorneys' fees pursuant to 42 U.S.C. § 1988. A
8  prevailing defendant in a civil rights action may recover attorneys' fees "when the suit is vexatious,
9  frivolous, or brought to harass or embarrass defendants," *Hensley v. Eckerhart*, 461 U.S. 424, 429
10 n.2 (1983), or "unreasonable, or without foundation." *Christainsburg Garment Co. v. EEOC*, 434
11 U.S. 412, 421. Mr. Hussein failed to demonstrate to the court that there is a change in controlling
12 law governing 42 U.S.C. § 1988.

13 Mr. Dickerson and Mr. Hussein have not satisfied the Rule 59(e) standard, and therefore the
14 court finds no reason to alter or amend its attorneys' fee order (Doc. #833).

15 B.     Federal Rule of Civil Procedure 60(b)

16 Mr. Dickerson and Mr. Hussein also filed motions pursuant to Federal Rule of Civil
17 Procedure 60(b). A court will grant relief from final judgment under Rule 60(b), if the moving party
18 can show:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

24 *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (2009).

25 Mr. Dickerson suggests that the court made a mistake when it found him liable for the
26 defendants' attorneys' fees. Mr. Dickerson believes that because the court stated "each party bears

---

⁶ Special Order 109, III.F.4, U.S. District Court, District of Nevada, Oct. 27, 2005.

its own fees and costs" in the order dismissing defendants' counterclaims (Doc. #768), the court cannot hold him accountable for the defendants' attorneys' fees.[7] However, in the counterclaim order, the court was only referring to the costs and fees associated with defendants' counterclaims, and not the fees and costs pertaining to the entire case. The fees and costs accrued as a result of the counterclaims are not included in the final judgment. As such, fails to provide a basis for overturning the attorneys' fee order.

Mr. Hussein also argues that the court should reverse its decision finding him liable for the defendants' attorneys' fees because the defendants committed fraud upon the court. Mr. Hussein appears to be distraught by the court's decision to allow the defendants to draft a proposed order for the attorneys' fees motion.[8] He attempts to convince the court that the defendants inserted false facts into their proposed order, and therefore committed fraud on the court. To the contrary, the defendants predominantly relied on the court's findings in prior hearings and orders to demonstrate Mr. Hussein's continuing contemptuous conduct. More importantly, Mr. Hussein presents no evidence showing that the defendants' facts or the court's prior findings are indeed false. Therefore, Mr. Hussein's fraud allegations are without merit.

Mr. Dickerson and Mr. Hussein have not satisfied the Rule 60(b) standard, and therefore the court finds no reason to alter or amend its attorneys' fee order (Doc. #833).

. . .

. . .

---

[7] Mr. Dickerson also makes an identical argument based on Rule 60(a). Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission" found in a final judgment. For the same reasons noted above, this argument is without merit.

[8] Mr. Hussein appears to be upset that defendants drafted the court's order. This court requires a prevailing party to draft a proposed order for the motion(s) at issue in a hearing. Here, the defendants' prevailed on their motion for attorneys' fees. Therefore, the court permitted the defendants to draft a proposed order granting their motion. There were typographical errors in the first two drafts. The court required defendants to correct the errors before signing and approving the proposed order.

**James C. Mahan**
**U.S. District Judge**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that interested party Jeffrey A. Dickerson's motion for district judge to reconsider order (Doc. #828) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that interested party Jeffrey A. Dickerson's motions to amend/correct judgment (Doc. #834 and Doc. #848) are DENIED.

IT IS FURTHER ORDERED that interested party Jeffrey A. Dickerson's motion to stay judgment (Doc. #838) is DENIED.

IT IS FURTHER ORDERED that plaintiff Hussein S. Hussein's motions for district judge to reconsider (Doc. #846 and Doc. #847) are DENIED.

DATED this 30th day of July, 2010.

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 6 -