1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**

7                  **DISTRICT OF NEVADA**

8

9    HUSSEIN S. HUSSEIN, an individual,        **3:04-cv-0455-JCM (GWF)-BASE**
                                              3:05-cv-0076-JCM (GWF)-MEMBER
10                Plaintiff,

     v.
11
     NEVADA SYSTEM OF HIGHER                      **THIRD ORDER HOLDING**
12   EDUCATION, et al.,                      **PLAINTIFF HUSSEIN S. HUSSEIN**
                                                **IN CONTEMPT OF COURT**
13                Defendants.
     _____/
14
     AND RELATED CLAIMS.
15
     _____/
16

17        On May 24, 2010, defendants Nevada System of Higher Education ("NSHE") et

18   al. filed a fifth motion for order to show cause why plaintiff HUSSEIN S. HUSSEIN ("Dr.

19   Hussein") should not be held in further contempt of court for violating the court's

20   injunction (Doc. #406) and orders from the bench.  (Doc. #842).  The court granted

21   defendants' motion and scheduled a show-cause hearing for July 15, 2010.  (Doc.

22   #850).  The court also gave Dr. Hussein until June 21, 2010 to file a written response

23   as to why he should not be held in contempt.  The court allowed defendants until July

24   5, 2010 to reply to same.  (Id.).  Dr. Hussein timely filed a written response to the

25   court's show-cause order (Doc. #854), and defendants timely filed a reply (Doc. #858).

26        On July 12, 2010, Dr. Hussein filed a Petition for Writ of Prohibition ("Writ

27   Petition") in the Ninth Circuit Court of Appeals.  Dr. Hussein also filed a motion to stay

28   this court from proceeding with the show-cause hearing scheduled for July 15, 2010

1  pending the court of appeals' consideration of his Writ Petition.  The next day, the court

2  of appeals denied Dr. Hussein's motion to stay.

3  Thereafter, late in the day on July 14, 2010, Dr. Hussein filed two motions in this

4  court.  First, Dr. Hussein filed a document entitled "Emergency Motion for an Order

5  Continuing this Court's July 15, 2010 Hearing Pending the Ninth Circuit Court of

6  Appeals Decision on Plaintiff's Petition for Writ of Prohibition." (Doc. #859).  Second,

7  Dr. Hussein filed a document entitled "Emergency Motion for an Order Allowing Plaintiff

8  to Attend the July 15, 2010 Hearing Telephonically and Instruction on How to Attend."

9  (Doc. #860).  The court considered the arguments presented, denied both of these

10  motions and ordered Dr. Hussein to appear in person at the show-cause hearing

11  scheduled for the following day.  (Doc. # 861).

12  The following morning, July 15, 2010, Dr. Hussein filed a renewed motion in the

13  court of appeals asking again for a stay of this court's show-cause hearing scheduled

14  for 11:00 a.m. the same day.  The court of appeals again denied Dr. Hussein's motion

15  to stay in an order entered at 9:43 a.m., before this court's scheduled 11:00 a.m.

16  hearing.  (Doc. #862).  Counsel for defendants, William A.S. Magrath and Debbie

17  Leonard of McDonald Carano Wilson LLP, and Mary Phelps Dugan, General Counsel

18  of the University of Nevada, Reno, appeared in Las Vegas and attended the 11:00

19  a.m. show-cause hearing set by the court.  Despite being ordered to appear in person

20  and having had two motions to stay denied by the court of appeals, Dr. Hussein failed

21  to appear at the 11:00 a.m. show-cause hearing on July 15, 2010.  At the hearing, the

22  court heard argument from counsel for defendants and addressed the matters raised in

23  defendants' fifth motion for order to show cause, the court's show-cause order, Dr.

24  Hussein's response thereto and defendants' reply.

25  **I.      Factual and Procedural History**

26  **A.      The Court's Injunction**

27  On July 31, 2007, the court issued a permanent injunction against Dr. Hussein

28  and his attorneys to prevent them from filing future vexatious litigation (Doc. #406).  The

2

1  court's injunction listed the first eleven (11) lawsuits filed by Dr. Hussein, made findings

2  of facts and conclusions of law and stated :

3      IT IS ORDERED AND ADJUDGED that Hussein and Hussein's
       agents, servants, employees, attorneys, and those persons in active
4      concert or participation with them are permanently enjoined and forever
       restrained from litigating, relitigating, or attempting to relitigate, by
5      commencing or filing, in any court, any contemporaneous or future action,
       complaint or cause of action seeking adjudication of the factual and legal
6      issues being currently adjudicated in the lawsuits set forth herein.

7  (Id.).  Dr. Hussein's first eleven lawsuits, as identified in the injunction, are:[1]

8      • 3:04-cv-0455-JCM-RAM, U.S. District Court, Nevada ("Hussein 1")

9      • 3:05-cv-0076-JCM-GWF, U.S. District Court, Nevada ("Hussein 2")

10     • 3:05-cv-0381-PMP-RAM, U.S. District Court, Nevada ("Hussein 3")

11     • CV05-02323, Second Judicial District Court of Nevada ("Hussein 4")

12     • 3:06-cv-0197-LDG-RAM, U.S. District Court, Nevada ("Hussein 5")

13     • 3:06-cv-0317-ECR-RAM, U.S. District Court, Nevada ("Hussein 6")

14     • CV06-01597, Second Judicial District Court of Nevada ("Hussein 7")

15     • 3:06-cv-00482-LDG-RAM, U.S. District Court, Nevada ("Hussein 8")

16     • 3:06-cv-00585-RLH-RAM, U.S. District Court, Nevada ("Hussein 9")

17     • 3:06-cv-0710-LRH-RAM, U.S. District Court, Nevada ("Hussein 10")

18     • 3:07-cv-00056-LRH-VPC, U.S. District Court, Nevada ("Hussein 11")

19     Additionally, at the July 6, 2007 hearing at which the court issued the injunction,

20  the court admonished Dr. Hussein and his then-attorney, Jeffrey A. Dickerson, not to file

21  additional lawsuits against defense counsel:

22     THE COURT:  . . . I don't want to see another case against a
       witness or an opposing lawyer filed by Dr. Hussein arising out of these
23     facts.

24     Do you understand me?

25     MR. DICKERSON:  Very clearly, your Honor.

26

27  _____

28  [1]  Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the complaints, orders
    and other filings in the lawsuits filed by Hussein before other judges and other courts
    that are described herein.

(7/6/07 Hrg. Trans. at 12:22-13:1).

**B.**     **The First Contempt Order Against Dr. Hussein and Mr. Dickerson**

Notwithstanding the court's injunction and July 6, 2007 order from the bench barring lawsuits against defense counsel,  Dr. Hussein, through his then-attorney Jeffrey A. Dickerson, filed a twelfth lawsuit in the United States District Court for the District of Nevada (Case No. 3:07-cv-00524) ("Hussein 12") on November 2, 2007 seeking to relitigate issues that Dr. Hussein was already litigating in his existing lawsuits. Defendants filed a motion for order to show cause (Doc. #479) why Dr. Hussein and Mr. Dickerson should not be held in contempt for filing the twelfth Hussein lawsuit in violation of the court's injunction.  With defendants' motion for order to show cause already on file, on November 30, 2007, Dr. Hussein, through Mr. Dickerson, filed a thirteenth lawsuit in the Second Judicial District Court of Nevada (Case No. CV07 02759) ("Hussein 13") also seeking to relitigate issues raised in his existing lawsuits and suing defense counsel. Defendants then filed a second motion for order to show cause (Doc. #491) why Dr. Hussein and Mr. Dickerson should not be held in contempt for filing the thirteenth lawsuit in violation of the court's injunction.  Pursuant to the defendants' two separate motions (Doc. #479 and #491), the court ordered Dr. Hussein and Mr. Dickerson to appear before the court on March 28, 2008 and show cause as to why they should not be held in contempt of court (Docs. #525, #555).

At the March 28, 2008 show-cause hearing, Dr. Hussein and Mr. Dickerson failed to show cause why they should not be held in contempt for their violations of the injunction.  As a result, the court held Dr. Hussein and Mr. Dickerson in contempt of court and ordered them to pay the fees and costs incurred by defendants to enforce the injunction, in the amount of $25,516.50 (Doc. #563).  During the March 28, 2008 show-cause hearing, the court again ordered Dr. Hussein and Mr. Dickerson not to file lawsuits that named opposing counsel as defendants.   (3/28/08 Hrg. Trans. at 3:21-5:13). Additionally, the court instructed Dr. Hussein and Mr. Dickerson to come back to the ///

1  court for guidance should they have any question as to whether their anticipated litigation

2  conduct complied with the injunction.  (Id. at 6:21-7:19).

3      Thereafter, Dr. Hussein and Mr. Dickerson moved the court to stay the contempt

4  order pending appeal.  The court granted Dr. Hussein's and Mr. Dickerson's motion,

5  effective upon the posting of a supersedeas bond in the amount of $25,516.50 (Doc.

6  #571).  Instead of posting a bond, Dr. Hussein and Mr. Dickerson deposited with the

7  clerk two separate deposits of cash totaling $25,516.50 (Docs. #581 and #587).  This

8  cash remains deposited with the clerk pending Dr. Hussein and Mr. Dickerson's appeal

9  of the contempt order (Doc. #563).

10  **C.    The Second Contempt Order Against Dr. Hussein and Mr. Dickerson**

11      After a disciplinary proceeding conducted in accordance with Chapter 6 of the

12  NSHE Code, Dr. Hussein was terminated from his position at the University of Nevada,

13  Reno, effective April 10, 2008.  Thereafter, on April 24, 2008, Dr. Hussein moved the

14  court for leave to file a new lawsuit seeking to enjoin his termination on the basis of what

15  Dr. Hussein contended were procedural irregularities during the administrative

16  proceeding.  (Doc. #577).  Dr. Hussein entitled his motion a "Request for Permission to

17  File Legal Challenge to Chapter 6 Proceedings," which he asked the court to consider on

18  an emergency basis.  (Id.).  Attached to Dr. Hussein's motion were his proposed

19  complaint and motion for injunctive relief that he sought to file in the Second Judicial

20  District Court of Nevada.  (Id.).  In those documents, Dr. Hussein represented to the

21  court that he sought injunctive relief to stop his termination from the University pending

22  his appeal of the disciplinary proceeding to the Nevada System of Higher Education

23  Board of Regents.

24      The next day, the court issued an order granting Dr. Hussein's motion.  The

25  court's order provides:

26      Plaintiff requests the court grant him permission to file a suit for
    injunctive relief in the Second Judicial District Court, State of Nevada and
27      has attached a copy of his proposed complaint and motion for preliminary
    injunction.
28

> The Court grants plaintiff's motion for the **limited purpose** of seeking injunctive relief for his termination.

(Doc. #582 at 1:21-25 (emphasis in the original)).   Hussein then filed the proposed complaint and motion for preliminary injunction in the Second Judicial District Court, State of Nevada, commencing Case No. CV08-01114 (referred to herein as "Hussein 14").   On June 17, 2008, the Honorable Connie Steinheimer, Second Judicial District Judge, denied Dr. Hussein's motion for preliminary injunction and request for a temporary restraining order on the basis that Dr. Hussein was unlikely to succeed on the merits, did not show irreparable harm and had failed to exhaust his administrative remedies.   Dr. Hussein appealed that decision to the Nevada Supreme Court.

Thereafter, Dr. Hussein, through Mr. Dickerson, made a number of unauthorized filings in the Hussein 14 case that exceeded the limited scope of relief from the injunction granted by the court.   Defendants brought these unauthorized filings to the court's attention through a third motion for order to show cause and two supplements thereto. (Docs. #606, #612, #634).   As the court later noted, Hussein and Mr. Dickerson treated the limited relief from the injunction as "opening the barn door" to a host of vexatious litigation conduct.

While they were engaged in this *ultra vires* conduct in the Hussein 14 action, Dr. Hussein and Mr. Dickerson were also seeking to relitigate issues that had already been disposed of in the Hussein 1 and 2, Hussein 8 and Hussein 9 cases.   Specifically, Dr. Hussein tried to sue defense counsel William Magrath and his law firm McDonald Carano Wilson LLP regarding the procedure by which certain subpoenas were issued in the Hussein 1 and 2 case.   Not only had Dr. Hussein litigated and lost (or waived) this issue, but he had twice already unsuccessfully sued McDonald Carano Wilson LLP and defense counsel Leigh Goddard regarding the issuance of those subpoenas. Defendants brought Dr. Hussein's conduct to the attention of the court through a fourth motion for order to show cause.  (Doc. #629, #649).

After giving Dr. Hussein and Mr. Dickerson the opportunity to show cause in writing (Doc. #641) and in person before the court (Doc. #658), the court held Dr.

6

1   Hussein and Mr. Dickerson in contempt of court a second time. ("Second Contempt

2   Order", Doc. #669). The court also directed defendants to file a motion for attorneys'

3   fees so they could be compensated for the fees and costs incurred as a result of Dr.

4   Hussein and Mr. Dickerson's contumacious conduct. (*Id.*). In compliance with the

5   court's order, defendants filed a motion seeking over $75,000 in attorneys' fees. (Doc.

6   #662), to which Dr. Hussein and Mr. Dickerson filed an opposition (Doc. #674) and

7   defendants filed a reply. (Doc. #682). Before the court had acted on defendants' fee

8   motion, Dr. Hussein and Mr. Dickerson appealed the second contempt order to the Ninth

9   Circuit Court of Appeals. Since the time that the court entered the second contempt

10   order, Dr. Hussein terminated his attorneys and sought leave to proceed in proper

11   person, which the court granted.

12   **D.      Dr. Hussein's Second Amended Complaint in the Hussein 8 Case**

13           The conduct by Dr. Hussein leading to this third contempt order again occurred in

14   the Hussein 8 case, 3:06-cv-00482-LDG-RAM, U.S. District Court, Nevada. The

15   Hussein 8 case originally arose from subpoenas issued by counsel for defendants in this

16   Hussein 1 and 2 case to certain private companies from whom Dr. Hussein had received

17   contract research funding during his employment at UNR. (Doc. #669). Although Dr.

18   Hussein did not move to quash the subpoenas or seek a protective order, Magistrate

19   Judge McQuaid determined that the subpoenas were "properly" issued when ruling that

20   Dr. Hussein must answer deposition questions posed to him regarding the subpoenaed

21   documents. (See Hussein Depo., Vol. 12, at 63:7-70:11, Ex. 3 to Doc. #842). Dr.

22   Hussein's counsel never objected to Judge McQuaid's decision. (See id.). Additionally,

23   throughout the course of this case, Hussein consented to the use of the subpoenaed

24   documents to defend against Hussein's case in chief, prosecute NSHE's counterclaim

25   and support a disciplinary investigation of Dr. Hussein's conduct which ultimately led to

26   Dr. Hussein's termination from the University. (Doc. #170, #184, #259, #273).

27           The history of Dr. Hussein's litigation regarding the subpoenas is summarized in

28   the court's second contempt order. (Doc. #669). Despite that Dr. Hussein was litigating

7

the validity of the subpoenas in this Hussein 1 and 2 case, Hussein filed his eighth lawsuit, Hussein 8 (Case No. 3:06-cv-00482), in which Dr. Hussein sued defendants and their counsel, McDonald Carano Wilson LLP and individual attorney Leigh Goddard, solely based upon Dr. Hussein's contention that there was a purported procedural defect in the subpoenas.  (Doc. #1 in Case No. 3:06-cv-00482, Ex. 4 to Doc. #842).  When seeking to consolidate all of Dr. Hussein's federal lawsuits, Mr. Dickerson acknowledged to the court that Dr. Hussein's claims against the non-lawyer defendants in Hussein 8 were derivative of the purported liability of their attorney who issued the subpoenas. Specifically, Mr. Dickerson stated:

> There's a pending motion in [Case No.] 482 [Hussein 8] to get the - - to extract the attorneys from that case.  It's already succeeded in [Hussein] 9.  So, maybe one thing to do is to wait and see what happens with that order from Judge George in 482.  And if the attorneys are extracted from that case as well, ***that will kill that case, because the liability of all the - - all the NSHE defendants, if you will, . . . is derivative of [Leigh Goddard], because it is alleged that she was acting as an agent of the principal.  So, they have purely derivative liability***.

(7/6/07 Hrg. Trans. at 20:20-21:4 (emphasis added), Ex. 1 to Doc. #842).

On September 28, 2007, the court presiding over Hussein 8, the Honorable Lloyd D. George, dismissed Dr. Hussein's claims against McDonald Carano and Leigh Goddard with prejudice.  (See Doc. #62 in 3:06-cv-00482, Ex. 5 to Doc. #842). Notwithstanding Mr. Dickerson's admission that Dr. Hussein's claims against the remaining defendants were derivative of their attorney's purported liability—which liability Judge George had determined did not exist—Dr. Hussein never voluntarily dismissed the remaining defendants from Hussein 8.

Instead, NSHE brought a motion for judgment on the pleadings bringing Dr. Hussein's admission to the attention of the court.  (Doc. # 64 in 3:06-cv-00482, Ex. 6 to Doc. #842).  On March 27, 2009, Judge George granted the motion for judgment on the pleadings on all of Hussein's claims except a claim under 42 U.S.C. § 1985(2) for purported witness intimidation.  (Doc. #105 in 3:06-cv-00482, Ex. 7 to Doc. #842).  As to the one remaining claim, Judge George granted Dr. Hussein leave to amend and

1    indicated that the defendants in Hussein 8 could then challenge that claim by way of a

2    future motion to dismiss or other dispositive motion.  (Id.).

3          On August 28, 2008, while the defendants' motion for judgment on the pleadings

4    was pending in Hussein 8, Hussein filed a document entitled "Motion for Order Granting

5    Leave to Serve and File Supplemental Pleading."  (Doc. #79 in 3:06-cv-00482, Ex. 8 to

6    Doc. #842).  In that proposed new pleading in Hussein 8, Dr. Hussein again challenged

7    the subpoenas issued in Hussein 1 and 2, even though the court had already

8    determined that those subpoenas were proper.  (See id. at 2:2-6).  Dr. Hussein also

9    again named McDonald Carano Wilson LLP as a defendant, even though the law firm

10    had already been dismissed from the case.  (See id. at 1:15).  Dr. Hussein also sought

11    leave to name three attorneys as new defendants in that lawsuit.  At that time, all three

12    of these attorneys were involved in the defense of various Hussein lawsuits: William

13    Magrath, Esq., a partner at McDonald Carano and counsel of record for this Hussein 1

14    and 2 case; Charles Hilsabeck, Assistant General Counsel for UNR (and defense

15    counsel in, inter alia, Hussein 1 and 2 and Hussein 8); and Mary Dugan, General

16    Counsel for the University of Nevada, Reno.  (See id. at 1:14-18).[2]

17          On October 30, 2008, the court held Dr. Hussein and Mr. Dickerson in contempt

18    of court a second time for this and other conduct in violation of the court's injunction and

19    other orders.  (Doc. #669).  As part of that second contempt order, the court ordered Dr.

20    Hussein to withdraw all of the documents that he had filed in contempt of the court's

21    orders.  (Id.).  Dr. Hussein complied.

22

23    _____

24    [2]  All three of these defense attorneys have previously been sued by Hussein.  William
Magrath, Charles Hilsabeck, and Mary Dugan, were all sued in Hussein 9 (Case No.

25    3:06-cv-00585-RLH-RAM) which was dismissed by U.S. District Judge Roger Hunt.
(See Docs. #81 and #128 in Case No 3:06-cv-00585, Ex. 12 and Ex. 13 to Doc. #842).

26    Judge Hunt then imposed $32,428.61 in sanctions against Mr. Dickerson (not Dr.
Hussein) for the filing of Hussein 9, but Dr. Hussein and Mr. Dickerson have appealed

27    that order and Mr. Dickerson has not yet paid the sanctioned funds.  (See Doc. #161_ in
Case No. 3:06-cv-00585, Ex. 14 to Doc. #842).  Mary Dugan has also separately been

28    sued by Dr. Hussein in this Hussein 1 and 2 case, Hussein 3 (Case No. 3:05-cv-00381-
PMP-RAM) (Ex. 15 to Doc. #842) and Hussein 13 (Second Jud. Dist. Ct. Case No.
CV07-02759) (Ex. 16 to Doc. #842), all of which have now been dismissed.

1        On April 30, 2009, Dr. Hussein filed an Amended Complaint and Jury Demand in

2    Hussein 8. (Doc. #106 in 3:06-cv-00482, Ex. 9 to Doc. #842). In that pleading, although

3    he did not name counsel as defendants, Dr. Hussein alleged that General Counsel Mary

4    Dugan had conspired with defendants David Thawley and Esmail Zanjani to deter

5    Hussein's former graduate student from testifying in Dr. Hussein's lawsuits. (Id. at ¶ 3).

6    The allegations in that complaint derive from the University's efforts to deal with Dr.

7    Hussein's report of alleged sexual harassment in his lab, alleged animal abuse at the

8    University's facilities and an alleged break-in into Dr. Hussein's lab in which *e. coli*

9    samples were purportedly disturbed. (Id. at ¶¶ 3-19). These were the same factual

10    allegations presented by Dr. Hussein in his complaints in this consolidated Hussein 1

11    and 2 case. (See Doc. #35 in 3:04-cv-0455, Doc. #22 in 3:05-cv-0076). Additionally, Dr.

12    Hussein made these allegations in the Hussein 9 case, which has been dismissed.

13    (Doc. # 1 in 3:06-cv-00585 at 63:4-19, 64:23-67:14, 79:9-81:26, 111:1-7, Ex. 10 to Doc.

14    #842).

15        On May 2, 2009, the Hussein 8 defendants filed a motion to strike and/or dismiss

16    Dr. Hussein's amended complaint (Doc. #107 in 3:06-cv-00482, Ex. 11 to Doc. #842).

17    Dr. Hussein filed an opposition, which he subsequently supplemented. (Doc. #109 in

18    3:06-cv-00482, Ex. 17 to Doc. #842). After briefing, Judge George granted the Hussein

19    8 defendants' motion with leave for Dr. Hussein to again amend his complaint. (Doc.

20    #144 in 3:06-cv-00482, Ex. 18 to Doc. #842).

21        On April 28, 2010, this court entered its order and judgment against Dr. Hussein

22    and Mr. Dickerson in this Hussein 1 and 2 case in the amount of $1,142,403.25 for the

23    attorneys' fees incurred by defendants to defend against Dr. Hussein and Mr.

24    Dickerson's vexatious litigation conduct. (Doc. #833 – the "Judgment"). The court also

25    entered judgment against Dr. Hussein for $61,596.63 in costs. (Id.). Despite being the

26    subject of this significant judgment in which the court outlined an ongoing course of

27    egregious conduct charted by Dr. Hussein throughout these proceedings, just two days

28    later, Dr. Hussein filed a second amended complaint and jury demand in the Hussein 8

1    case that once again named defense counsel Mary Dugan and Charles Hilsabeck as

2    defendants and sought again to relitigate issues that he already lost in this and other

3    cases.  (Doc. #147 in 3:06-cv-00482, Ex. 19 to Doc. #842).

4          Since Mr. Hilsabeck was counsel of record in Hussein 8 at the time that Dr.

5    Hussein named him as a defendant, NSHE had to enlist a different attorney, Frank

6    Roberts, to make an appearance in the case and take over the defense of the NSHE

7    defendants.  Numerous times in the past, Dr. Hussein has employed this same tactic of

8    interfering with the NSHE defendants' choice of counsel and driving up costs for NSHE

9    as a new attorney is forced to assume responsibility for and learn the facts and history of

10   the case.  (See Doc. #406).

11         In response to the second amended complaint in Hussein 8, new defense counsel

12   Frank Roberts wrote Dr. Hussein a letter requesting that Dr. Hussein withdraw the

13   offending pleading.  (Ex. 20 to Doc. #842).  Specifically, defense counsel wrote:

14              Your Second Amended Complaint violates the injunction and Judge
             Mahan's orders because you are attempting to relitigate factual and legal
15           issues previously litigated in your other litigation by filing a complaint
             seeking adjudication of those factual and legal issues in this case, and by
16           naming defense counsel as defendants.  Your Second Amended
             Complaint also goes beyond the leave you were granted by the Court in
17           this matter to file an amended complaint.

18              **Defendants demand that you dismiss, by May 17, 2010, at 5:00
             pm, all defense counsel from this matter and withdraw your Second
19           Amended Complaint containing allegations and claims regarding
             factual and legal issues previously litigated in your other litigation**.
20
                If you do not take these actions to bring your conduct into
21           compliance with the Injunction and Judge Mahan's other orders, we will be
             forced to bring your conduct to Judge Mahan's attention and will request
22           that you be ordered to show cause why you should not again be held in
             contempt of court.
23

24   (Id. (emphasis added)).

25         Upon receipt of this request, Dr. Hussein did not withdraw his pleading or

26   voluntarily dismiss the defense counsel whom he had newly sued.  Rather, Dr. Hussein

27   filed a document in the Hussein 8 case entitled "Emergency Motion For The District

28   Judge's Assessment Of The Defense Team's Recent Intimidation Of And Threats To

                                             11

1  Plaintiff In Retaliation For His Lawful Compliance (Docket 147) With This Court's Order

2  (Docket 144), For An Order Determining The Proper Course Of Action, Including

3  Possible Amendment Of The Second Amended Complaint (Docket 147) And Imposition

4  Of The Appropriate Sanctions, For A Protective Order, And For An Order Staying

5  Briefing On Docket 148."  (Doc. #150 in 3:06-cv-00482, Ex. 21 to Doc. #842).

6      In that motion, Dr. Hussein contends that this court has "no jurisdiction over

7  matters litigated in [the Hussein 8] case."  (Id. at 8:4-5).  According to Dr. Hussein's

8  argument, it is the exclusive province of Judge George to interpret the injunction and

9  other orders of this court.  (Id. at 8:7-9).  Dr. Hussein argues that defendants' efforts to

10  enforce the injunction and other orders issued by this court have purportedly

11  circumvented Judge George's authority in the Hussein 8 case.  (Id. at 9:9-11:6).  Dr.

12  Hussein also seeks sanctions and leave from Judge George to again amend his

13  complaint in Hussein 8 to add the defendants' new defense counsel, Frank Roberts, as a

14  defendant and purported co-conspirator in Hussein 8.  (Id. at 11:7-14:3).  Dr. Hussein

15  also goes so far as to allege that Joan Howard, the secretary in NSHE's General

16  Counsel office, is likewise involved in a purported conspiracy.  (Id.).

17      As a result of this conduct by Dr. Hussein in Hussein 8, defendants filed a fifth

18  motion for order to show cause why Dr. Hussein should not be held in further contempt

19  of court.  (Doc. #842).  In support of their motion, defendants provided the court with

20  copies of Dr. Hussein's recent filings in the Hussein 8 case.  (See id.).  The court

21  reviewed those filings, granted defendants' motion and ordered Dr. Hussein to show

22  cause why his conduct in Hussein 8 does not amount to contempt of the court's

23  injunction and other orders barring lawsuits against defense attorneys.  (Doc. # 850).  Dr.

24  Hussein filed a response to the court's order to show cause, in which he argued that the

25  court purportedly did not have "jurisdiction" to prevent Dr. Hussein from violating the

26  injunction and orders through his conduct before Judge George in Hussein 8.  (Doc.

27  #854).  In addition, despite this court's express direction for Dr. Hussein to appear in

28  ///

12

1   person before the court to show cause why he should not be held in contempt, Dr.

2   Hussein failed to appear at the court's show-cause hearing.

## II.    Findings of Fact and Conclusions of Law

**A.    Dr. Hussein's Second Amended Complaint in Hussein 8 is a Prohibited Attempt to Relitigate Matters That He Has Litigated and Lost in This Case and the Hussein 9 Case**

6   Because the court in this case and Judge Hunt in Hussein 9 have already

7   determined that the actions of Zanjani, Thawley, Lilley, Garcia and other UNRPD police

8   officers in response to Dr. Hussein's reports of an unauthorized lab intrusion were not

9   actionable, Dr. Hussein's second amended complaint in Hussein 8 violates the

10  injunction.   The court's injunction barred Dr. Hussein and his attorneys from "litigating,

11  relitigating or attempting to relitigate" "the factual and legal issues" being considered in

12  his then-existing lawsuits.  (See Doc. #406).

13  In Dr. Hussein's second amended complaint in Hussein 8, Dr. Hussein contends

14  that the University's response to Dr. Hussein's report of unauthorized intrusions into his

15  lab amounted to witness intimidation of Dr. Hussein's then-graduate student Laurie

16  Bollinger.   (Doc. #147 in 3:06-cv-00482 at ¶¶ 42-56, Ex. 19 to Doc. #842).   These

17  allegations were addressed in detail in this case in one of defendants' motions for

18  summary judgment (Doc. #391 at 9:24-17:4), reply (Doc. #496 at 32:4-33:26) and

19  Defendants' reply to Dr. Hussein's supplemental authorities (Doc. #589 at 13:9-20,

20  19:28-20:4, 22:19-23:9), which the court granted.  (Doc. #605).  In granting defendants'

21  summary judgment motions, the court held that the allegations now made by Dr. Hussein

22  in his second amended complaint in Hussein 8 were not actionable.  (Doc. #605 at 6:12-

23  23).   Since the court has determined that the actions by University administrators and

24  law enforcement personnel to address Dr. Hussein's reports of purported disturbances to

25  biological hazards in his lab were justified, Dr. Hussein cannot now relitigate those

26  issues under the guise of a claim for witness intimidation.

27  Additionally, Dr. Hussein had already made the same claims of witness

28  intimidation in his wide-reaching complaint in the Hussein 9 case.  (Doc. #1 in 3:06-cv-

13

1   00585 at 63:4-19, 64:23-67:14, 79:9-81:26, 111:1-7, Ex. 10 to Doc. #842).   Judge Hunt

2   dismissed those claims.   (Docs. #81 and #128 in 3:06-cv-00585, Exs. 12 and 13 to Doc.

3   #842).   The court finds that Dr. Hussein's attempt to relitigate his claim of witness

4   intimidation in his second amended complaint in Hussein 8 is barred by the injunction

5   and therefore amounts to contumacious conduct.   (Doc. #406).

6   **B.     Dr. Hussein's Second Amended Complaint in Hussein 8 Violates The
        Court's Orders Prohibiting Him From Suing Defense Counsel**

7

8         By naming defense attorneys Hilsabeck and Dugan as new defendants in

9   Hussein 8, Dr. Hussein has engaged in the precise conduct that warranted the court's

10  imposition of the injunction in the first instance.   Throughout the proceedings in this

11  case, the court has been unequivocal that Dr. Hussein's suits against defense attorneys

12  are unacceptable litigation conduct:

13         MR. MAGRATH:   . . . [W]e pointed out that the McDonald Carano
        firm potentially faced a conflict of interest because we are still a defendant
14      in Hussein VIII; meaning McDonald Carano Wilson and Leigh Goddard,
        individually, we've been dismissed from Hussein IX, [consolidation of
15      Hussein's federal lawsuits] would force us to consider withdrawing as
        counsel.   And we felt that Hussein, Dr. Hussein's attempts to file these
16      additional claims was an intent – and then the suggestion that the cases
        were related – was a maneuver to remove us from the case, after the
17      University has spent a substantial amount of money.   And I know you
        were going to address that.

18
        THE COURT:  Do you really think that?
19
        MR. MAGRATH:  I think that, your Honor.
20
        THE COURT:  Yes.  And I say that, and I have to smile, because,
21      yeah, it's quite apparent, isn't it?  It's a litigation tactic and it's not one that
        I favor at all.
22
        MR. MAGRATH:   Well, we find it particularly frustrating when we
23      get to . . .

24      THE COURT:  I find it particularly distasteful.

25  (7/6/07 Hrg. Trans. at 8:15-9:9, Ex. 1 to Doc. #842).

26         The court further warned Dr. Hussein against engaging in such conduct in the

27  future:

28  ///

14

1        THE COURT: I don't want to see another case against a witness or
2    an opposing lawyer filed by Dr. Hussein arising out of these facts.
         Do you understand me?

3        MR. DICKERSON: Very clearly, your honor.

4        THE COURT: Okay. And you can tell him that for me.

5    (Id. at 12:22-13:3).

6    Then, at the March 28, 2008 show-cause hearing regarding Dr. Hussein's earlier

7    contumacious conduct, with Dr. Hussein in the courtroom, the court re-read this precise

8    portion of the transcript from the July 6, 2007 hearing, clearly indicating to Dr. Hussein

9    and his then-attorney that Dr. Hussein was barred from suing defense attorneys:

10       What are you doing? How can you justify any of this? Do you
11   remember the hearing we had? Oh, I've got there are two injunctions.
     There's one in my mind now. Where's your mind? You must have left it at
12   home. This is a disgrace, this multipli[ies] litigation. Let's waste resources
     all we can. Let's just throw our client's money away and make the
13   defendants incur more expense. And it all comes back to you. It all comes
     back to you. There's absolutely no excuse for any of this. What's the
14   reason for filing Hussein 12 and 13? There is no reason. It violates the
     injunction clearly. I review this and I'm just sick. How Not to Practice Law
15   is the nu[tshell] textbook, Mr. Dickerson. I mean I look at this transcript
     [from the July 6, 2007 hearing] at the bottom of page 12, this is the Court
16   speaking. I don't want to see another case against a witness or an
     opposing lawyer filed by Dr. Hussein arising out of these facts, do you
     understand me? Mr. Dickerson, very clearly, your Honor. Not very clearly.
17

18   (3/28/08 Hrg. Trans. at 3:11-4:9, Ex. 2 to Doc. #842).

19   Notwithstanding this history of warnings and orders from the bench, Dr. Hussein

20   has now again sued defense counsel Hilsabeck and Dugan in Hussein 8. A review of

21   Dr. Hussein's second amended complaint and subsequent motion that he filed in the

22   Hussein 8 case show that he has sued these defense attorneys for simply doing their

23   jobs and threatens to sue defense counsel Frank Roberts and NSHE secretary Joan

24   Howard as well. (Doc. #147 in 3:06-cv-00482, Ex. 19 to Doc. #842; Doc. #150 in 3:06-

25   cv-00482, Ex. 21 to Doc. #842). In so doing, Dr. Hussein continues to attempt to create

26   a morass of conflicts and thereby interfere with NSHE's choice of counsel. (See id.).

27   The court finds that Dr. Hussein's new pleading in Hussein 8 is precisely the

28   conduct barred by the court's orders from the bench. Dr. Hussein's former attorney Mr.

Dickerson conceded that the Hussein 8 case arises from the facts of this consolidated Hussein 1 and 2 action. (7/6/07 Hrg. Trans. at 20:20-21:4, Ex. 1 to Doc. #842). Additionally, since Dr. Hussein's second amended complaint in Hussein 8 is an attempt to relitigate the University's handling of Dr. Hussein's reports of an unauthorized lab intrusion that the court disposed of in this case, the court finds that it undoubtedly "aris[es] from these facts." (7/6/07 Hrg. Trans. at 12:22-13:3, Ex. 1 to Doc. #842; 3/28/08 Hrg. Trans. at 3:11-4:9, Ex. 2 to Doc. #842). As a result, the court concludes that Dr. Hussein's naming of defense counsel in his second amended complaint in Hussein 8 violates the court's orders from the bench and therefore amounts to contumacious conduct.

**C.     Dr. Hussein's Violations of the Injunction and Orders of the Court Were Willful**

The arguments made in Dr. Hussein's written response to the court's show-cause order ignore the court's authority to enforce its own orders and confirm that Dr. Hussein's contumacious conduct was willful. The court's authority derives from three sources. Under the All Writs Act:

> [A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act empowers a district court to issue and enforce injunctions that place restrictions on a vexatious litigant's access to the courts. See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1523-26 (9th Cir. 1983). A district court also has continuing jurisdiction to supervise and enforce an injunction through the court's contempt powers. McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734-35 (9th Cir. 1982). Moreover, a court may impose sanctions under its inherent power for willful disobedience of its orders, even oral orders from the bench. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991); Yourish v. California Amplifier, 191 F.3d 983, 987-88 n.7 (9th Cir. 1999); Estrada v. Speno & Cohen, 244 F.3d 1050, 1055-56 (9th Cir. 2001). "There is strong precedent

16

1    establishing the inherent power of federal courts to regulate the activities of abusive

2    litigants by imposing carefully tailored restrictions under the appropriate circumstances."

3    Wolfe v. George, 486 F.3d 1120, 1125 (9th Cir. 2007) (quoting De Long v. Hennessey,

4    912 F.2d 1144, 1147 (9th Cir.1990)).

5          Dr. Hussein's response to the court's order to show cause disregards this law.

6    Without citing to any legal authority, Dr. Hussein argues:

7          This Court has **no** jurisdiction over **any** matter being addressed in
      Judge George's Court.

8
            *       *       *

9
            Plaintiff does not need to seek any permission from this Court to

10     comply with an order issued by another federal judge.

11          *       *       *

12          This Court's July 7th, 2007 [and March 28, 2008] statements
      [barring Hussein from suing defense counsel] are *dicta* at best and . . . are

13     **not** binding.

14          *       *       *

15          This Court is **not** authorized to rule on matters in controversy in
      Hussein 8 because this Court has **no** jurisdiction over the Second

16     Amended Complaint ordered by Judge George and that is pending **only**
      before him.   This Court has no jurisdiction over **any** matter being

17     addressed in Judge George's court.

18          *       *       *

      [T]his Court has assumed jurisdiction it does **not** have because it

19     has **no** legal basis to play any role in the litigation of a case on which a
      senior federal judge in the same district presides.

20
            *       *       *

21
            This assumption of jurisdiction amounts to a "usurpation of power."

22

23   (Doc. #854 at 4:3-4, 8:24-25, 9:10-20, 11:7-10, 11:15-17, 11:22-23 (emphasis in the

24   original)).   Dr. Hussein's statements challenging the court's "jurisdiction" to enforce its

25   own orders ignore the court's inherent authority, contempt power and authority under the

26   All Writs Act.   See 28 U.S.C. § 1651(a); McClatchy Newspapers, 686 F.2d at 734-35.

27          Likewise, in light of this law, Dr. Hussein's argument that the court has no

28   authority to "grant immunity" to the defense attorneys is also erroneous. Where Dr.

17

1 Hussein has repeatedly sued defense counsel for simply doing their jobs and as a

2 litigation tactic that creates a web of conflicts, the court undeniably has the authority to

3 issue and enforce orders to stop such bad-faith conduct.  See Wood v. Santa Barbara

4 Chamber of Commerce, Inc., 705 F.2d 1515, 1523-26 (9th Cir. 1983).

5          Dr. Hussein availed himself of the court's authority when he filed the instant

6 consolidated suit.  Where, as here, the court has repeatedly determined that Dr. Hussein

7 has abused his access to the judicial system by filing duplicative lawsuits that interfere

8 with defendants' choice of counsel and relitigate issues that he has already litigated and

9 lost, the court undeniably has the authority to curb Dr. Hussein's contumacious conduct,

10 whether its occurs in this case, Hussein 8 or any other Hussein case.  See 28 U.S.C. §

11 1651(a).  If Dr. Hussein did not want to subject himself to the court's inherent power,

12 contempt power and authority under the All Writs Act, he should not have availed himself

13 of the federal court in the first instance.  Having abused his right to use the federal

14 judicial system, Dr. Hussein must now be held in further contempt.  See id.

15          Although this law setting forth the court's authority has been repeatedly brought to

16 Dr. Hussein's attention by defendants and the court, Dr. Hussein simply refuses to

17 acknowledge the legitimacy of the court's orders.  The federal judiciary cannot function

18 properly, however, if litigants who avail themselves of the court's authority ignore the

19 court's rulings.

20          Dr. Hussein has an obligation to comply with the orders of this court unless and

21 until they are reversed on appeal.  Dr. Hussein has been told to come to this court

22 should he have any question as to the scope of the injunction and the court's orders.

23 "When a legitimate question exists as to the scope or effectiveness of a court's order,

24 those who know of the decree, yet act unilaterally, assume the risk of mistaken

25 judgments."  Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 75-76 (1st Cir. 2002).

26          [Contemnors] could have petitioned the District Court for a
   modification, clarification or construction of the order.  But [contemnors]

27 did not take that course either.  **They undertook to make their own
   determination of what the decree meant. They knew they acted at**

28 **their peril**.

18

1   McComb v. Jacksonville Paper Co., 336 U.S. 187, 192 (1949) (emphasis added).  "A
2   person fails to act as ordered by the court when he fails to take all the reasonable steps
3   within his power to insure compliance with the court's order."  Shuffler v. Heritage Bank,
4   720 F.2d 1141, 1146-1147 (9th Cir. 1983) (internal quotations omitted).

5          The court finds that Dr. Hussein made no effort to ask the court for guidance as to
6   whether his course of conduct in Hussein 8 complied with the injunction and orders
7   barring lawsuits against defense attorneys.  To the contrary, Dr. Hussein has exhibited
8   disdain for the court and decided that he need not obey the court's orders because he
9   disagrees with them. Since Dr. Hussein refuses to heed the verbal orders from the
10  bench regarding lawsuits against defense counsel and the written order of the court
11  enjoining his vexatious litigation conduct, the court finds that he must be held in further
12  contempt and sanctioned accordingly.

13  **D.     The Injunction Obviates the Need for Defendants to Litigate Under
        Preclusion Doctrines**
14

15         Dr. Hussein's contention in his response to the court's order to show cause that
16  he should be able to relitigate issues in Hussein 8 and require defendants to re-defend
17  against duplicative allegations undermines one of the purposes of the All Writs Act.

18              [U]nder the All Writs Act, 28 U.S.C. § 1651, district courts do have
            the power to reinforce the effects of [collateral estoppel and res judicata]
19          by issuing an injunction against repetitive litigation.

20  Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1524 (9th Cir.
21  1983); see Charlton v. Estate of Charlton, 841 F.2d 988, 989 (9th Cir. 1988).  Through
22  the All Writs Act, Congress has codified the power of courts to effectuate their decrees
23  by injunctions and thereby avoid relitigation of matters already litigated.   Wesch v.
24  Folsom, 6 F.3d 1465, 1470 (11th Cir. 1993).

25         Dr. Hussein ignores this law as well.  One of the purposes of the injunction is to
26  stop Dr. Hussein's duplicative and vexatious litigation in order to protect defendants from
27  having to defend against the same Hussein allegations before multiple judges in multiple
28  venues.  (Doc. #406).  The court in this case has already determined that the actions of

1    Zanjani, Thawley, Lilley, Garcia and other UNRPD police officers in response to Dr.
2    Hussein's reports of an unauthorized lab intrusion were not actionable. (Doc. #605 at
3    6:12-23). Likewise, Judge Hunt in the Hussein 9 case barred Dr. Hussein from
4    relitigating this issue. (Docs. #81 and #128 in 3:06-cv-00585, Exs. 12 and 13 to Doc.
5    #842). Dr. Hussein's argument that defendants must rely on preclusion doctrines to
6    defend against these allegations for a third time ignores the injunction and the court's
7    authority under the All Writs Act. See Wood, 705 F.2d at 1524.

8    **E.    Dr. Hussein Received All of the Process He is Due**

9    Upon ordering Dr. Hussein to show cause why he should not be held in contempt
10   of court, the court provided Dr. Hussein with an opportunity to respond in writing and to
11   appear at a show-cause hearing. Dr. Hussein provided a written response (Doc. #854)
12   but failed to appear at the July 15, 2010, show-cause hearing to avail himself of the
13   opportunity to be heard by the court. In his written response to the court's show-cause
14   order, Dr. Hussein argued that his due process rights purportedly had been violated.
15   (Doc. #854). Because the court issued an order to show cause and allowed Dr. Hussein
16   to provide arguments (in writing and in person) as to why he should not be held in further
17   contempt, the court finds that Dr. Hussein has been afforded all of the process he is due.
18   See Int'l Union, UMWA v. Bagwell, 512 U.S. 821, 831-32 (1994).

19   **F.    Dr. Hussein's Failure to Appear at the Show-Cause Hearing Amounts to**
20   **Further Contempt**

21   In addition to Dr. Hussein's violation of the injunction and order against suing
22   defense counsel, Dr. Hussein's absence from the court's show-cause hearing, despite
23   an explicit order from the court to appear in person, also constitutes contempt of court.
24   The Ninth Circuit Court of Appeals denied two motions from Dr. Hussein requesting a
25   stay of the show-cause hearing pending disposition of Dr. Hussein's petition for writ of
26   prohibition. This court also denied Dr. Hussein's motions to continue the show-cause
27   hearing and to appear telephonically. (Doc. #861). The court further ordered Dr.
28   Hussein to appear in person at the show-cause hearing (id.), but Dr. Hussein failed to

1  appear.  The court finds that Dr. Hussein's failure to appear was in direct contravention

2  of the court's order and amounts to contempt.

3  **G.**     **Contempt Sanctions**

4       **1.**     **Attorneys Fees**

5       Through Dr. Hussein's repeated violations of the injunction and other orders of the

6  court, defendants and defense counsel have continued to be subject to the same

7  vexation, harassment and needless expense that necessitated the imposition of the

8  injunction in the first instance.  Defense counsel have been forced to expend time and

9  resources to bring Dr. Hussein's contumacious filings in the Hussein 8 case to the

10 attention of the court and enforce the protections of the injunction.  The harm from Dr.

11 Hussein's willful noncompliance with the injunction extends not only to defendants but to

12 the judicial system as a whole.  The proper functioning of the judicial system cannot

13 tolerate such blatant disregard for the orders of the court.

14      For this reason, the court concludes that Dr. Hussein should pay the attorneys'

15 fees and costs that have been incurred to enforce the injunction and orders of the court

16 through the preparation and filing of the fifth motion for order to show cause (Doc. #842),

17 reply to Dr. Hussein's response to the order to show cause (Doc. #858) and appearance

18 at the show-cause hearing.  See United Mine Workers of Am. v. Bagwell, 512 U.S. 821,

19 829 (1994).  As evidence by the affidavits of defense counsel submitted to the court,

20 defendants have calculated that such fees and costs amount to $14,348.05.  The court

21 finds that this amount is reasonable based upon the size of the docket in this case and

22 Dr. Hussein's other lawsuits, the work required for defense counsel to be familiar with

23 the content of these dockets, the prevailing rates of similarly-skilled attorneys in the

24 Nevada legal community, the willfulness of Dr. Hussein's contumacious conduct and

25 disregard for the efforts by defense counsel to seek Dr. Hussein's withdrawal of the

26 offensive pleading without the court's intervention.

27      In his response to the court's order to show cause, Dr. Hussein did not provide

28 any evidence of his financial means.  Although Dr. Hussein presented the court with a

declaration in support of his motion to appear telephonically in which he testifies that he has "been without a paycheck since April 2008" and that "it has been very difficult for him to find employment" (Doc. #860), Dr. Hussein has provided no other evidence regarding his other sources of income and financial resources.  The court does not find Dr. Hussein's declaration regarding his purported financial means to be comprehensive or convincing.  The court notes that Dr. Hussein has managed to finance a total of fifteen (15) legal actions and multiple ensuing appeals.  Dr. Hussein has litigated in the state and federal district and appellate courts and prosecuted administrative proceedings.  He has also failed to proceed cautiously, despite knowing of the potential financial consequences should he disregard the court's orders.  In fact, Dr. Hussein filed his second amended complaint in the Hussein 8 case naming defense attorneys as defendants and relitigating issues he has already litigated and lost just two days after the court entered judgment against him for over $1.1 million.  In light of these factors, the court finds that an award of attorneys' fees and costs in favor of defendants is appropriate here.

### 2.    Other Contempt Sanctions

Because Dr. Hussein's filing of the second amended complaint in Hussein 8 violated the court's injunction and other orders, it was unauthorized and must be withdrawn.  Defense counsel Mary Dugan and Charles Hilsabeck must be dismissed. Likewise, Dr. Hussein's claims that seek to relitigate the factual issues already disposed of in this case must be dismissed.

Additionally, because Dr. Hussein's disregard for the court's authority has become so egregious, the court finds that additional sanctions to ensure future compliance with the court's orders are necessary.  These include pre-filing requirements so that the court can better enforce Dr. Hussein's compliance with the court's injunction and other orders. The court concludes that requiring Dr. Hussein to pay the contempt sanction as a condition for future filings in the Hussein 8 case is necessary because substantial financial sanctions that the court has already levied upon Dr. Hussein have not

1   discouraged Dr. Hussein from engaging in contumacious conduct.  The court's authority
2   to issue such sanctions derives from the All Writs Act, the court's contempt power and its
3   inherent power to control the proceedings and litigants that come before the court.

4        No good cause having been shown by Dr. Hussein for his violations of the
5   injunction and orders of this court,

6        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Hussein S.
7   Hussein is held in contempt of this court.

8        1.   Dr. Hussein shall pay to defendants the fees and costs incurred as a result
9             of his contumacious conduct in the amount of **$14,916.80**.    Payment of
10            this $14,916.80 shall be completed within ten (10) court days of the date of
11            this order by delivery of a payment in this amount payable to "McDonald
12            Carano Wilson LLP" at the law firm's office located at 100 West Liberty
13            Street, 10th Floor, Reno, Nevada 89501.  If payment is to be made by
14            hand delivery, Dr. Hussein shall arrange for the delivery of this payment by
15            an independent third person.  Dr. Hussein shall not deliver the payment in
16            person.

17       2.   Within ten (10) days of the date of this order, Dr. Hussein shall withdraw
18            the second amended complaint in the Hussein 8 case and take any other
19            steps necessary to effectuate the dismissal of all claims against Mary
20            Dugan and Charles Hilsabeck in the Hussein 8 case and all claims that
21            relitigate the issues disposed of in this case, as identified herein.

22       3.   Dr. Hussein is hereby prohibited from seeking authority to file a third
23            amended complaint in the Hussein 8 case or filing any other pleading or
24            document in any court that names Charles Hilsabeck, Mary Dugan, Frank
25            Roberts, Joan Howard or any defense counsel as a defendant.

26       4.   Dr. Hussein shall obtain leave of this court to file any future pleadings or
27            other documents in the United States District Court.

28   ///

1    IT IS FURTHER ORDERED that, within fourteen (14) court days of the date of

2  this order, Dr. Hussein shall file with the court and serve on all counsel, proof of his full

3  compliance with this order.  Dr. Hussein need not seek leave of the court to file this

4  notice.

5    The court's injunction (Doc. #406) and other orders of this court continue to

6  remain in full force and effect.

7    IT IS SO ORDERED.

8    DATED this 3rd day of August, 2010.

9

10                                        _____

11                                        UNITED STATES DISTRICT JUDGE

Submitted by:
12  McDONALD CARANO WILSON LLP

13

/s/ Debbie Leonard_____
14  WILLIAM A. S. MAGRATH, II, NV Bar No. 1490
LEIGH GODDARD, NV Bar No. 6315
15  DEBBIE LEONARD, NV Bar No. 8260
100 W. Liberty St., 10th Floor
16  P.O. Box 2670
Reno, Nevada 89505
17  (775) 788-2000
(775) 788-2020 Fax
18  Attorneys for Defendants

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of McDONALD CARANO WILSON LLP and that on July 30, 2010, I caused to be delivered via electronic transmission, a file-stamped copy of the **DEFENDANTS' AMENDED PROPOSED THIRD CONTEMPT ORDER** addressed to the individuals listed below at their last known email addresses as follows:

Hussein S. Hussein
1734 Shadow Park Drive
Reno, Nevada 89523
husseinshussein@att.net

Jeffrey Dickerson
9655 Gateway Dr., Suite B
Reno, NV 89521
jeff@gbis.com

James Andre Boles
423 Mill St.
Reno, NV 89502
jboles@callatg.com

David R. Houston
432 Court Street
Reno, NV 89509
dhouston@houstonatlaw.com

Furthermore, I caused a courtesy copy to be hand delivered to the following:

Honorable James C. Mahan
333 Las Vegas Blvd. So., Room 6085
Las Vegas, NV 89101
(702) 464-5520

/s/ Pamela Miller
Pamela Miller

25