# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HUSSEIN S. HUSSEIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY AND COMMUNITY COLLEGE SYSTEM OF NEVADA, et al.,<br><br>Defendants. | 3:04-CV-0455 JCM (GWF)<br>3:05-CV-0076 JCM (GWF)<br><br>Date:    N/A<br>Time:    N/A |

## ORDER

Presently before the court is plaintiff Hussein S. Hussein's motion for recusal of district judge (Doc. #863). Plaintiff filed his motion for recusal pursuant to 28 U.S.C. § 144 and § 455 on grounds that Judge Mahan is prejudiced, partial, biased, and has numerous conflicts of interest.

Judicial integrity is imperative. *Stone v. Powell*, 428 U.S. 465 (1976). Accordingly, "[a] judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco*, Inc., 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1))). Indeed, Congress enacted two federal statutes—28 U.S.C. § 144, "Bias or prejudice of a judge" and 28 U.S.C. § 455, "Disqualification of justice, judge, or magistrate"—to protect parties' interests in fair judicial processes. Together, these statutes set forth the circumstances under which a judge must recuse himself. "Although the substantive test for bias or prejudice is identical in sections 144 and 455, the procedural requirements

**James C. Mahan**
**U.S. District Judge**

1  of the two sections are different." *United States v. Sibla*, 624 F.2d 864, 867 (9th. Cir. 1980).

2  Plaintiff presents two reasons in support for his motion for recusal: (1) Judge Mahan's
3  relationships with former Governor Guinn, and (2) Judge Mahan's relationship with his prior law
4  clerk, Amanda Yen, who is an associate from McDonald Carano & Wilson. Plaintiff filed this
5  motion after the court granted defendants' motion for attorneys' fees (Doc. #833) and after the court
6  found plaintiff in contempt of court for the third time (Doc. #878).

7      A.    Disqualification under 28 U.S.C. § 144

8  Under 28 U.S.C. § 144, where the "judge before whom the matter is pending has a personal
9  bias or prejudice...against a party or in favor of any adverse party," another judge shall be assigned
10 to hear the motion. However, the legal sufficiency of the motion is determined by the judge against
11 whom the recusal is sought. *United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978). The
12 affidavit alleging bias must "state facts and reasons which tend to show personal bias and prejudice
13 regarding justiciable matter pending and must give support to the charge of a bent of mind that may
14 prevent or impede impartiality of judgment." *Berger v. United States*, 255 U.S. 22, 33 (1921). The
15 facts alleged must be "sufficient to convince a reasonable man" of the judge's actual bias or
16 prejudice. *Curry v. Jensen*, 523 F.2d 387, 388 (9th Cir. 1975).

17 In this case, plaintiff's affidavit in support of recusal does not provide evidence of bias.
18 Plaintiff alleges that Judge Mahan has a bias and prejudice against plaintiff, because plaintiff named
19 then Governor Guinn as a defendant in Hussein 6.  However, plaintiff voluntarily dismissed the
20 Hussein 6 case. Furthermore, Hussein 6 was not before Judge Mahan. Hussein 6 was only relevant
21 to the case at hand to demonstrate one of many example's of plaintiff's conduct as a vexatious
22 litigant.  The fact that Governor Guinn was a party in the Hussein 6 case had no relevance to the
23 issues before this court, and therefore would not be "sufficient to convince a reasonable man" that
24 Judge Mahan was biased or prejudiced towards plaintiff.

25 Amanda Yen was a prior law clerk for Judge Mahan. She currently works for the law firm
26 of McDonald Carano & Wilson in the Las Vegas office. She is not an attorney on this case, nor do
27 the billing records for this case reveal that she has contributed her time to this case. Plaintiff is in

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  possession of these billing records. (Doc. #823). Thus, merely being a prior law clerk for Judge
2  Mahan and keeping in touch with him does not equate to evidence of bias or prejudice against the
3  plaintiff. *See United States v. Bosch*, 951 F.2d 1546, 1548–49 (9th Cir. 1991) (holding failure to
4  recuse where prosecutor was former law clerk was not plain error where there was no demonstration
5  of bias).

6  The court's orders throughout this case have been decided fairly and impartially. The court
7  reviews all relevant evidence before determining the merits of a motion. Although plaintiff may
8  dislike the court's order granting attorneys' fees and the order holding plaintiff in contempt for the
9  third time, the evidence demonstrates that plaintiff has continually disregarded the court's warnings
10 and past orders (including the injunction). Plaintiff has only himself to blame for his irresponsible
11 behavior throughout this case, and the consequences that have followed as a result.

12 After reviewing the plaintiff's motion, affidavits, and evidence, this court finds no basis for
13 recusal under 28 U.S.C. § 144.

14       B.      Disqualification under 28 U.S.C. § 455

15 Unlike section 144, which requires a judge to refer a motion to recuse to another judge after
16 determining the legal sufficiency or insufficiency of the accompanying affidavit supporting recusal,
17 section 455 is a self-enforcing statute. *Id.* at 867-68. Thus, under section 455, the decision
18 regarding whether recusal is warranted rests with the presiding judge. *See id.* at 868.

19 Section 455 (a) and (b) provide separate, but overlapping bases for recusal. Subsection (a)
20 is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be
21 questioned." 28 U.S.C. § 455(a). In contrast, subsection (b) is narrower, requiring recusal only
22 when a judge: (1) has a personal bias or prejudice concerning a party, or personal knowledge of
23 disputed evidentiary facts concerning the proceeding; (2) has served as a lawyer in the matter in
24 controversy when in private practice; (3) has served in government employment and in such capacity
25 participated in the case; (4) knows that he or a family member has a financial interest in the case; or
26 (5) when he or a family member is a party to the suit. 28 U.S.C. § 455(b)(1-5). Any circumstance
27 in which a judge's impartiality might reasonably be questioned, whether or not touched on in section
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  455(b), requires recusal under section 455(a). *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8, 108 S.Ct. 2194, 2203 n.8 (1988).

The standard for recusal under both section 455(a) and (b) is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)).  The source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540. Judicial bias or prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 541; *Pesnell*, 543 F.3d at 1044.  Judicial rulings will only support a motion for recusal "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994).

For the same reasons set forth above, plaintiff lacks a reasonable factual basis for questioning Judge Mahan's impartiality. The court concludes that neither 28 U.S.C. § 455(a) nor (b) mandates recusal in this case.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the plaintiff's motion to recusal of district judge (Doc. #863) be, and the same hereby is, DENIED.

DATED this 24th day of August, 2010.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -